IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
A. Matthew Ashley (SBN 198235)
Michael D. Harbour (SBN 298185)
Olivia Weber (SBN 319918)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: mashley@irell.com
Email: oweber@irell.com
Email: mharbour@irell.com
*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC,
VLSI TECHNOLOGY LLC

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Martin Flumenbaum (*pro hac vice* pending)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3191
Facsimile: (212) 492-0191
Email: mflumenbaum@paulweiss.com
*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION and APPLE INC., <br><br> Plaintiffs, <br><br> v. <br><br> FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., IXI IP, LLC, and SEVEN NETWORKS, LLC, <br><br> Defendants. | Case No. 3:19-cv-07651-EMC <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR JOINT MOTION TO DISMISS AND STRIKE PLAINTIFFS' COMPLAINT** <br><br> Hon. Edward M. Chen <br><br> Date: April 23, 2020 <br> Time: 1:30 p.m. <br> Dept.: Courtroom 5 |

Defendants Fortress Investment Group LLC ("Fortress), Fortress Credit Co. LLC ("Fortress Credit"), Uniloc 2017 LLC ("Uniloc 2017"), Uniloc USA, Inc. ("Uniloc USA"), Uniloc Luxembourg S.a.r.l. ("Uniloc Luxembourg"), VLSI Technology LLC ("VLSI"), INVT SPE LLC ("INVT"), Inventergy Global, Inc. ("Inventergy"), DSS Technology Management, Inc. ("DSS"), IXI IP LLC ("IXI"), and Seven Networks, LLC ("Seven Networks" and collectively "Defendants") have moved to dismiss and to strike the Complaint of Plaintiffs Apple Inc. ("Apple") and Intel Corporation ("Intel" and collectively "Plaintiffs").  In support of their Motion, Defendants request that the Court take judicial notice of various court and administrative decisions, court filings, and certain public records maintained by the United States Patent and Trademark Office ("USPTO").

## ARGUMENT

In ruling on a motion to dismiss under Rule 12(b)(6), "courts must consider . . . matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  A fact is judicially noticeable if it is "not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)).  Here, Defendants seek judicial notice of two categories of documents:  (1) judicial and administrative filings and decisions in the allegedly "meritless" infringement actions that form the basis of Plaintiffs' antitrust claims and California Unfair Competition Law claims, and (2) publicly available records of the USPTO.  All of these materials are subject to judicial notice.

I.  **THE PROCEEDINGS OF OTHER COURTS AND ADMINISTRATIVE AGENCIES ARE JUDICIALLY NOTICEABLE**

    **A.  The Court Should Take Judicial Notice Of Other Court And Administrative Decisions**

It is well established that courts may take judicial notice of a prior "order or decision" issued by another court.  *In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1108 (N.D. Cal. 2012) (A court "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue.") (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).  Courts may likewise take judicial notice of decisions made by administrative agencies.  *Papai v. Harbor Tug & Barge Co.,*

67 F.3d 203, 207, n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies."). This includes decisions by the Patent Trial and Appeal Board ("PTAB") on whether to institute *inter partes* review. *See, e.g., Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 15-CV-03295-BLF, 2016 WL 7732542, at *1, n.1 (N.D. Cal. July 25, 2016) ("The Court takes judicial notice of the PTAB's decisions on whether to institute IPR for these patents."); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *1, n.1 (N.D. Cal. Mar. 9, 2016) (taking "judicial notice of the Final Written Decision of the Patent Trial and Appeal Board.").

As explained in Defendants' Motion to Dismiss and Strike, the gravamen of Plaintiffs' Complaint is that Defendants have allegedly brought waves of "meritless" patent suits against Plaintiffs and others predicated on supposedly "weak" patents. Motion to Dismiss and Strike § II. Defendants request that the Court take judicial notice of various decisions issued in these cases in which Defendants' patents or infringement claims have withstood a legal challenge. *See United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2016 WL 524761, at *5 & n.5 (N.D. Cal. Feb. 10, 2016) (taking judicial notice of preliminary injunction ruling in alleged "sham" lawsuit). These decisions include the following:

- *VLSI Technology LLC v. Intel Corporation*, No. 19-CV-00977-ADA (W.D. Tex. Jan. 3, 2020) (substantially adopting VLSI's claim constructions for disputed terms of four out of five patents);
- *Certain LTE- and 3G-Compliant Cellular Communications Devices*, Inv. No. 337-TA-1138 (Sept. 13, 2019), Order No. 52 (denying summary determination of non-infringement);
- *Seven Networks, LLC v. Google, LLC*, No. 17-CV-00442-JRG (E.D. Tex. Jan. 18, 2019) (denying summary judgment of non-infringement and invalidity).

Defendants also seek judicial notice of the following decisions issued by the PTAB denying Plaintiffs' request for *inter partes* review on Defendants' patents:

- *Intel Corporation v. VLSI Technology LLC.*, No. IPR2018-01038 (P.T.A.B. Dec. 4, 2018);

- *Intel Corporation v. VLSI Technology LLC.*, No. IPR2018-01296 (P.T.A.B. April 11, 2019);

- *Intel Corporation v. VLSI Technology LLC.,* No. IPR2019-00034 (P.T.A.B. April 11, 2019);

- *Intel Corporation v. VLSI Technology LLC.*, No. IPR2019-01196 (P.T.A.B. Jan. 7, 2020);

- *Apple Inc. and ZTE (USA) Inc. v. INVT SPE LLC*, No. IPR2018-01478 (P.T.A.B. February 19, 2019);

- *Apple Inc. and ZTE (USA) Inc. v. INVT SPE LLC*, No. IPR2018-01474 (P.T.A.B. March 5, 2019);

- *Apple Inc. v. Uniloc 2017 LLC*, IPR2017-01993 (P.T.A.B. March 6, 2019);

- *Apple Inc. v. Uniloc Luxembourg S.A.*, IPR2017-02202 (P.T.A.B. May 1, 2018).

**B.     The Court Should Take Judicial Notice of Plaintiffs' Filings In the Underlying Patent Infringement Litigations**

Courts may also take judicial notice of the positions that a party has taken in another litigation. *See, e.g., Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 & n.9 (9th Cir. 2012) ("The district court did not abuse its discretion by taking judicial notice of [other court] filings" where "[t]here was no dispute about the contents or about the statements from those filings."); *United States v. Sullivan*, 700 F. App'x 766, 767, n.2 (9th Cir. 2017) (taking judicial notice of brief filed in another appeal for purposes of "collateral estoppel").  Here, the Court should take judicial notice of Plaintiffs' filings in the underlying patent litigations, specifically Plaintiffs' repeated statements that they do not compete with Defendants.  Motion to Dismiss and Strike 21 n.9; Harbour Decl. ISO Motion to Dismiss and Strike ("Harbour Decl.") ¶ 9.  These statements include the following:

- Intel's Motion to Stay Pending *Inter Partes* Review, *DSS Technology Management, Inc. v. Intel Corporation,* No. 6:15-cv-130-RWS (E.D. Tex. Dec. 22, 2015), Dkt. 186 at 1 ("DSS is not a competitor of any of the Defendants and does not purport to practice the asserted patents.");

- Defendants' Motion to Stay Pending *Inter Partes* Review, *IXI Mobile (R&D) Ltd. v. Apple Inc.*, No. 15-cv-03755-HSG (N.D. Cal. Oct. 01, 2015), Dkt. 106 at 8:8 ("IXI IP, the patent owner, does not make any products or compete with the Defendants[.]");
- Defendant Intel Corporation's Notice of Motion and Motion to Stay Pending *Inter Partes* Review, *VLSI Technology, LLC v. Intel Corporation*, 5:17-cv-05671-BLF (N.D. Cal. Feb. 28, 2019), Dkt. 250 at 2:10-11 ("VLSI does not make or sell any products, or compete with Intel.");
- Respondents' Post-Hearing Reply Brief, *In the Matter of Certain LTE-And 3G-Compliant Cellular Communication Devices*, No.: 337-TA-1138 (USITC Nov. 13, 2019), Doc. ID, 695147 at 80 ("INVT and Respondents [including Apple] are not competitors[.]") (public version).

In addition, the Court should also take judicial notice of Plaintiff Intel Corporation's assertion that Defendant VLSI Technologies LLC has pursued a "Fortress-led strategy to engage in aggressive serial assertions with the objective of eventually obtaining a windfall." Intel's Opposition to Motion to Consider Whether Cases are Related, *VLSI Technology LLC v. Intel Corporation*, Case No. 5:17-cv-05671-BLF (N.D. Cal. Nov. 12, 2019), Dkt. 269 at 3:1-2. Motion to Dismiss and Strike 28 n.15; Harbour Decl. ¶ 10.

## II. THE RECORDS OF THE USPTO ARE JUDICIALLY NOTICEABLE

Defendants also seek judicial notice of various records kept by the USPTO, including records of patent issuances and patent assignments. Such records are noticeable because they are publicly available and "not subject to reasonable dispute." *Balance Studio, Inc. v. Cybernet Entm't, LLC*, No. 15-CV-04038-DMR, 2016 WL 1559745, at *1, n.3 (N.D. Cal. Apr. 18, 2016) (taking notice of USPTO records); *see also Khoja*, 899 F.3d at 1001 (noting that courts can take notice of "patent application[s]"); *Klang v. Pflueger*, 2014 WL 4922401, at *1 (C.D. Cal. July 10, 2014) (taking judicial notice of USPTO patent assignment records and the patents at issue "because they are public records").

1    First, Defendants seek judicial notice of the number of patents that have been assigned to Intel and Apple since the beginning of 2000.  *See Motha v. Time Warner Cable Inc*., No. 16-CV-03585-HSG, 2016 WL 7034039, at *2 (N.D. Cal. Dec. 2, 2016) (taking notice of the fact that patent assignments were recorded).  A list of such patents can be found by searching the USPTO's Patent Full Text ("PaFT") database which is publicly available.  Harbour Decl. ¶¶ 3-4.  A search of this database demonstrates that Intel and Apple have been assigned more than 35,000 and 20,000 patents respectively since January 1, 2000.  *Id.* Exhibits A-B.

Second, Defendants seek judicial notice of the fact that certain conveyances between IXI and Fortress Credit and DSS and Fortress Credit were publicly recorded with the USPTO.  Harbour Decl. ¶ 8.  Pursuant to 35 U.S.C. § 261, the USPTO maintains a publicly searchable electronic database of all recorded patent assignments and conveyances,[1] and Courts may take notice of the fact that "assignments were recorded with the USPTO."  *Motha,* 2016 WL 7034039, at *2.

Third, Defendants seek judicial notice of the number of patents that fall within certain patent classifications as defined by the USPTO.  The USPTO has established a patent classification scheme called the Cooperative Patent Classification (CPC).[2]  The USPTO also maintains a database of patents that are searchable by classification.  Harbour Decl. ¶¶ 5-7.  A search of this database demonstrates that the USPTO has issued over 524,000 patents since January 1, 2000 under the CPC classification for "Electronic Digital Data Processing" and over 368,000 patents since January 1, 2000 under the CPC classification for "Semiconductor Devices," *id.* ¶¶ 6-7.

## III.  CONCLUSION

For the reasons stated above, the Court should grant Defendants' request for judicial notice.

---

[1] USPTO, Patent Assignment Search (https://assignment.uspto.gov/patent/index.html#/patent/search ).

[2] https://www.uspto.gov/web/patents/classification/cpc

| | | |
|---|---|---|
| 1 | Dated:  February 4, 2020 | Respectfully submitted, |
| 2 | | IRELL & MANELLA LLP |
| 3 | | |
| 4 | | By: */s/ A. Matthew Ashley* |
| 5 | | A. Matthew Ashley<br>*Counsel for Defendants* |
| 6 | | FORTRESS INVESTMENT GROUP LLC,<br>FORTRESS CREDIT CO. LLC, |
| 7 | | VLSI TECHNOLOGY LLC |
| 8 | | */s/ Christopher A. Seidl* |
| 9 | | Christopher A. Seidl (*pro hac vice*)<br>CSeidl@RobinsKaplan.com |
| 10 | | ROBINS KAPLAN LLP<br>800 LaSalle Avenue, Suite 2800 |
| 11 | | Minneapolis, MN 55402<br>Telephone:  612 349 8468 |
| 12 | | Facsimile:  612 339-4181<br>*Counsel for Defendants* |
| 13 | | INVT SPE LLC<br>INVENTERGY GLOBAL, INC. |
| 14 | | |
| 15 | | */s/ Nathaniel Lipanovich*<br>Nathaniel Lipanovich (Bar No. 292283) |
| 16 | | nlipanovich@thoits.com<br>THOITS LAW |
| 17 | | 400 Main Street, Suite 250<br>Los Altos, CA 94022 |
| 18 | | Telephone: 650 327-4200<br>Facsimile:  650-325-5572 |
| 19 | | *Counsel for Defendant*<br>DSS TECHNOLOGY MANAGEMENT, |
| 20 | | INC. |
| 21 | | */s/ Jason D. Cassady* |
| 22 | | Jason D. Cassady (*pro hac vice pending*)<br>jcassady@caldwellcc.com |
| 23 | | CALDWELL CASSADY & CURRY<br>2121 N. Pearl Street, Suite 1200 |
| 24 | | Dallas, TX 75201<br>Telephone: 214 888-4841 |
| 25 | | Facsimile:  214-888-4849<br>*Counsel for Defendant* |
| 26 | | IXI IP, LLC |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | <u>/s/ James J. Foster</u> |
| 2 | James J. Fo*ster*<br>*jfoster@pr*incelobel.com |
| 3 | PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700 |
| 4 | Boston, MA 02110<br>Telephone:  617 456-8022 |
| 5 | Facsimile:  617 456-8100<br>*Counsel for Defendant* |
| 6 | UNILOC 2017 LLC |
| 7 | <u>/s/ Daniel. R. Shulman</u> |
| 8 | Daniel R. Shulman (*pro hac vice*)<br>daniel.shulman@lathropgpm.com |
| 9 | LATHROP GPM LLP<br>500 IDS Center |
| 10 | 80 South 8th Street<br>Minneapolis, MN 55402 |
| 11 | Telephone: 612 632-3335<br>Facsimile: 612 632-4000 |
| 12 | *Counsel for Defendants*<br>UNILOC LUXEMBOURG S.A.R.L. |
| 13 | UNILOC USA, INC |
| 14 | <u>/s/ Samuel F. Baxter</u> |
| 15 | Samuel F. Baxter (*pro hac vice*)<br>sbaxter@mckoolsmith.com |
| 16 | MCKOOL SMITH<br>104 East Houston, Suite 100 |
| 17 | Marshall, TX 75670<br>Telephone:  903 923-9001 |
| 18 | Facsimile:  903 923-9099<br>*Counsel for Defendant* |
| 19 | SEVEN NETWORKS, LLC |

10792920

- 7 -

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:19-cv-07651-EMC

## ECF ATTESTATION

I, Olivia Lauren Weber, am the ECF user whose ID and password are being used to file DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR JOINT MOTION TO DISMISS AND STRIKE PLAINTIFFS' COMPLAINT.  I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

By: */s/   Olivia Lauren Weber*
Olivia Lauren Weber