IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
A. Matthew Ashley (SBN 198235)
Michael D. Harbour (SBN 298185)
Olivia Weber (SBN 319918)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: mashley@irell.com
Email: oweber@irell.com
Email: mharbour@irell.com
*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC,
VLSI TECHNOLOGY LLC

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Martin Flumenbaum (*pro hac vice* pending)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:   (212) 373-3191
Facsimile:    (212) 492-0191
Email:  mflumenbaum@paulweiss.com
*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC

Additional counsel listed on signature page

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION and APPLE INC., | Case No. 3:19-cv-07651-EMC |
| Plaintiffs, | |
| v. | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANTS' JOINT MOTION TO DISMISS AND STRIKE** |
| FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., IXI IP, LLC, and SEVEN NETWORKS, LLC, | Hon. Edward M. Chen |
| Defendants. | Date:     April 23, 2020<br>Time:     1:30 p.m.<br>Dept.:    Courtroom 5 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT**, on April 23, 2020 at 1:30 p.m., in Courtroom 5, 17th floor of 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Judge Edward M. Chen, Defendants Fortress Investment Group LLC ("Fortress), Fortress Credit Co. LLC ("Fortress Credit"), Uniloc 2017 LLC ("Uniloc 2017"), Uniloc USA, Inc. ("Uniloc USA"), Uniloc Luxembourg S.a.r.l. ("Uniloc Luxembourg"), VLSI Technology LLC ("VLSI"), INVT SPE LLC ("INVT"), Inventergy Global, Inc. ("Inventergy"), DSS Technology Management, Inc. ("DSS"), IXI IP LLC ("IXI"), and Seven Networks, LLC ("Seven Networks" and collectively "Defendants") will appear and move to stay discovery until the Court issues a ruling on Defendants' concurrently-filed Motion to Dismiss and Strike.  This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Michael D. Harbour, Defendants' Motion to Dismiss and Strike, Defendants' Request for Judicial Notice, and any other filing, evidence, or argument presented in this matter.

## STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the Court should stay discovery until it issues a ruling on Defendants' pending Motion to Dismiss and Strike.

10794485

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   ARGUMENT ..............................................................................................................2

    A.   This Case Meets The Two-Part Test For A Stay Of Discovery
        Pending Resolution Of A Motion To Dismiss ............................................2

        1.   The Pending Motion Is Potentially Dispositive Of The Entire
             Case ..................................................................................................2

        2.   The Pending Motion Must Be Decided Absent Discovery .........................4

        3.   A Stay Is Particularly Warranted Given the Nature of the
             Case ..................................................................................................5

    B.   There Is Good Cause For A Stay Of Discovery .........................................7

III.  SEPARATE AND INDEPENDENT GROUNDS ALSO DEMONSTRATE
     A LACK OF PREJUDICE AND SUPPORT A STAY OF DISCOVERY ........................8

IV.   CONCLUSION ...........................................................................................................10

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Arista Networks, Inc. v. Cisco Sys. Inc.*,

5
No. 16-CV-00923-BLF, 2016 WL 4440245 (N.D. Cal. Aug. 23, 2016) ....................................8

6

*Arris Sols, Inc. v. Sony Interactive Entm't LLC.*,
No. 5:17-CV-01098-EJD, 2017 WL 4536415 (N.D. Cal. Oct. 10, 2017) ..................................7

7

8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................5, 6

9

*Estate of Bock v. Cty. of Sutter*,

10
No. CIV. S-11-0536 MCE, 2012 WL 94618 (E.D. Cal. Jan. 9, 2012) .......................................8

11

*Cascades Computer Innovation LLC v. RPX Corp.*,
No. 12-cv-01143-YGR, 2014 WL 900376 (N.D. Cal. Mar. 4, 2014) ........................................8

12

13

*Chip-Mender, Inc. v. Sherwin-Williams Co.*,
No. C 05-3465-PJH, 2006 U.S. Dist. LEXIS 2176 (N.D. Cal. Jan. 3, 2006)..............................9

14

*Eagle Pharm., Inc. v. Eli Lilly & Co.*,

15
No. 18-CV-1121- MSG, 2018 WL 6201704 (D. Del. Nov. 27, 2018) .......................................9

16

*Fitbit, Inc. v. Aliphcom*,
No. CV 04073-EJD, 2016 WL 7888033 (N.D. Cal. May 27, 2016)...........................................8

17

18

*Gen-Probe, Inc. v. Amoco Corp.*,
926 F. Supp. 948 (S.D. Cal. 1996) ............................................................................................9

19

*In re Graphics Processing Units Antitrust Litig.*,

20
No. 06-CV-07417 WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007) ..........................5, 7, 8

21

*In re High-Tech Employee Antitrust Litig.*,
No. 5:11-cv-02509-LHK (N.D. Cal. Oct. 13, 2011) .................................................................6

22

23

*In re High-Tech Employee Antitrust Litig.*,
No. 5:11-cv-02509-LHK (N.D. Cal. Oct. 26, 2011) .................................................................6

24

*Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*,

25
No. 16-CV-00634 JMS-KJM, 2017 WL 11139576 (D. Haw. July 6, 2017) ............................5

26

*Iptronics Inc. v. Avago Techs. U.S., Inc.*,
No. 14-cv-05647-BLF, 2015 WL 8772089 (N.D. Cal. Dec. 15, 2015) .......................................8

27

*IXI Mobile (R&D) LTD. et al. v. Apple Inc.*,

28
Case. No. 3:15-cv-03755-HSG (N.D. Cal.) .................................................................................7

**Page(s)**

*In re Nexus 6p Prods. Liab. Litig.*,
   No. 17-CV-02185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ................................2, 7

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987)............................................................................2, 5, 6, 7

*Smith v. Levine Leichtman Capital Partners, Inc.*,
   No. 10-CV-00010-JSW, 2011 WL 13153189 (N.D. Cal. Feb. 11, 2011)...............................7

*STMicroelectronics, Inc. v. Avago Techs. U.S., Inc.*,
   No. 5:10-cv-05023-JF-PSG, 2011 WL 1362163 (N.D. Cal. Apr. 11, 2011) ...........................9

*Uniloc USA, Inc. et al v. Apple Inc.*,
   No. 2:16-cv-00638 (E.D. Tex.) .................................................................................7

*Uniloc USA, Inc. et al. v. Apple Inc.*,
   No. 3:18-cv-00357-LHK (N.D. Cal.) ...........................................................................7

*VLSI Technology, LLC, v. Intel Corporation*,
   Case No. 5:17-cv-05671-BLF (N.D. Cal.) .....................................................................7

*WAKA LLC v. DC Kickball*,
   517 F. Supp. 2d 245 (D.D.C. 2007) ............................................................................9

**Statutes**

15 U.S.C. § 1  ...........................................................................................................2

15 U.S.C. § 18 ..........................................................................................................2

Cal. Bus. & Prof. Code § 17200.....................................................................................2

Cal. Civ. Code § 47 ....................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................2

Rule 26(f) ................................................................................................................1

1    **I.      INTRODUCTION**

2           The Court should stay discovery until it rules on Defendants' Motion to Dismiss and

3    Strike.  In view of the strength of Defendants' motion, the substantial burden of antitrust

4    discovery, and the relation between this case and other pending actions, staying discovery pending

5    resolution of Defendants' motion would serve judicial efficiency without prejudicing Plaintiffs.

6           This case satisfies the test that courts in this district apply to determine whether to stay

7    discovery pending the resolution of a motion.  First, Defendants' Motion to Dismiss and Strike is

8    potentially dispositive of the entire case.  Indeed, Defendants' motion challenges all of Plaintiffs'

9    claims, demonstrates the core failings in Plaintiffs' pleading, and would dispose of the entire case

10   if granted.  Second, the pending motion—which challenges the legal sufficiency of Plaintiffs'

11   allegations—can be decided absent discovery.

12          Beyond satisfaction of the two-part test, a stay is supported by substantial binding

13   precedent.  Both the Supreme Court and the Ninth Circuit have held that staying discovery

14   pending resolution of a motion to dismiss is particularly appropriate in antitrust cases given the

15   enormous discovery burdens typically associated with such cases.  Nor would a stay prejudice the

16   Plaintiffs.  Their Complaint is premised in part on the claim that several pending federal patent

17   litigations—some of which are scheduled for trial in 2020—are baseless.  Courts in similar

18   circumstances overwhelmingly grant stays until related actions like these are resolved.  Because

19   stays are both routine and appropriate under these circumstances and because a brief stay of

20   discovery will not prejudice Plaintiffs, the Court should stay discovery until it rules on

21   Defendants' Motion to Dismiss and Strike.[1]

22

23

24

25

26

---

27          [1] During the Rule 26(f) conference, the parties discussed whether they might be able to
28   reach an agreement relating to the Motion to Stay.  These discussions are still ongoing, and
     Defendants will notify the Court if an agreement is reached.

1    **II.    ARGUMENT**

2        **A.    This Case Meets The Two-Part Test For A Stay Of Discovery Pending
            Resolution Of A Motion To Dismiss**

3

4        The Court should stay discovery until Defendants' pending Motion to Dismiss and Strike

5    has been decided.  "The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the

6    legal sufficiency of complaints without subjecting themselves to discovery."  *Rutman Wine Co. v.*

7    *E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  Consistent with the Ninth Circuit's

8    instruction, courts within this district employ a two-part test to determine whether to stay

9    discovery pending resolution of a motion to dismiss.  First, "a pending motion must be potentially

10   dispositive of the entire case, or at least dispositive on the issue at which discovery is directed."  *In*

11   *re Nexus 6p Prods. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal.

12   Aug. 18, 2017).  Second, "the court must determine whether the pending motion can be decided

13   absent discovery."  *Id.*  This case satisfies the two-part test for a stay of discovery.

14            1.    <u>The Pending Motion Is Potentially Dispositive Of The Entire Case</u>

15       Concurrently with the filing of this motion, Defendants have moved to dismiss the

16   Complaint in its entirety.  If granted, Defendants' Motion to Dismiss and Strike would dispose of

17   the entire case.  Thus, the first prong of this district's test is plainly satisfied.

18       The Complaint alleges that Defendants conspired to aggregate "weak" patents and bring

19   "waves" of "meritless" patent litigations against Plaintiffs Intel and Apple, two of the most

20   powerful companies in the world.  Cmplt. ¶¶ 9, 11.  Through this alleged "scheme," Plaintiffs

21   claim that Defendant Fortress Investment Group, LLC gained market power over the amorphous

22   "market for patents for high-tech consumer and enterprise electronic devices and components or

23   software therein and processes used to manufacture them, the 'Electronics Patents Market.'"  *Id.*

24   ¶ 156.  Based on these conclusory allegations, the Complaint asserts violations of Sherman Act

25   Section 1, 15 U.S.C. § 1, Clayton Act Section 7, 15 U.S.C. § 18, and California's Unfair

26   Competition Law, California Business & Professions Code § 17200.

27

28

Defendants' Motion to Dismiss and Strike challenges every one of Plaintiffs' claims, and demonstrates core deficiencies, each of which independently compels dismissal. Those deficiencies include:

*Failure to Plead a Plausible, Relevant Antitrust Market.* Each of Plaintiffs' antitrust claims depends upon the existence of a plausible, relevant antitrust market. Courts routinely dismiss antitrust complaints where the proposed market does not identify the specific goods or technologies and their economic substitutes or where the proposed market includes goods or technologies that are not economic substitutes for one another. *See* Motion to Dismiss and Strike § III. Plaintiffs' proposed market fails on both counts. Plaintiffs provide no bounds for their market, so it is unclear what it includes and what it excludes. And what little is alleged about the market shows the market is enormously overbroad, including because it includes goods and technologies that are not substitutes for each other. For instance, just using the names of some of the "customers" the Complaint identifies, Plaintiffs' proposed market would include technology that goes into, among other things: microprocessors, televisions, electronic doorbells, internet streaming services, smartphone apps, enterprise software, wireless routers, and semiconductors. Without a proper antitrust market, Plaintiffs' federal antitrust claims fail, as do the state law claims based on them.

*Failure to Plead Antitrust Injury.* Plaintiffs' antitrust claims also fail because neither Apple nor Intel alleges that it has suffered the type of injury the antitrust laws were intended to prevent, namely injuries caused by harm to <u>competition</u>. While Plaintiffs make bald assertions of supposed injury based on allegedly "supracompetitive" license fees and litigation costs, (Cmplt. ¶ 160), the Complaint never identifies any licenses for which either Plaintiff paid any such fees, the parties to them, or what makes the returns "supracompetitive." Thus, Plaintiffs' supposed antitrust injury boils down to the cost of Apple and Intel having to defend against patent infringement cases brought by some of the Defendants. *Id.* ¶¶ 31, 40, 163, 176, 178, 181, 185, 191. However, Plaintiffs allege that they are Defendants' "customers" (*id.* ¶ 170)—not Defendants' competitors—and the Complaint contains no allegations to support that Plaintiffs'

1  patent litigation costs flowed from any competition-reducing aspect or effect of Defendants'

2  behavior, as is required to plead antitrust injury.  *See* Motion to Dismiss and Strike § IV.

3       ***Noerr-Pennington Immunity.***  Defendants' patent infringement lawsuits that Plaintiffs ask

4  this Court to prejudge as "meritless" (even while the majority of them are still pending) constitute

5  First Amendment-protected petitioning activity, as recognized by the Supreme Court's *Noerr-*

6  *Pennington* doctrine.  Plaintiffs' own allegations—including that the intent behind the

7  infringement lawsuits was to obtain "windfall" damages from a <u>customer</u>, not to use mere process

8  to frustrate a <u>competitor</u>—confirms that Defendants' petitioning activity is not actionable.

9  Moreover, the Complaint's conclusory assertions of purported "meritless" and "weak" patents are

10  insufficient to establish that any of Defendants' suits are objectively baseless.  *See* Motion to

11  Dismiss and Strike § V.  These fundamental failings are fatal to Plaintiffs' Section 1 and UCL

12  claims.

13       ***Additional Failings of the Complaint.***  Plaintiffs' claims also fail for additional,

14  independent reasons, including, but not limited to:  (i) the failure to allege the required evidentiary

15  facts of an agreement *to restrain trade* (Sherman Act Section 1 Claim), as all the Complaint

16  alleges are garden variety loan and investment transactions, *see id.* § VI; (ii) the failure to allege

17  any basis for concluding that the mere acquisition of patents poses an antitrust problem, as patents

18  provide a lawful monopoly, and acquisition of them is expressly permitted under the law (Clayton

19  Section 7 Claim), *id.* § VII; and (iii) the failure to adequately allege UCL claims, as the claims

20  attack quintessential petitioning conduct—namely, the filing of litigation, *id.* § VIII—and are thus

21  barred by California's litigation privilege (Cal. Civ. Code § 47).

22            2.    <u>The Pending Motion Must Be Decided Absent Discovery</u>

23       The second prong of the test is satisfied because Defendants' motion is not dependent on

24  discovery.  The Motion to Dismiss and Strike is directed solely to the Complaint's facial legal

25  defects—*i.e.*, it argues that Plaintiffs' allegations, even if accepted as true, fail to state a

26  cognizable claim.  That issue must be decided without discovery.

27

28

3. <u>A Stay Is Particularly Warranted Given the Nature of the Case</u>

The fact that the Complaint is extraordinarily broad and alleges violations of the antitrust law heightens the justification for a stay of discovery.  As the Ninth Circuit has held:

> In antitrust cases [a stay pending the resolution of a motion to dismiss] especially makes sense because the costs of discovery in such actions are prohibitive. . . .  [I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility.  It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

*Rutman Wine Co.*, 829 F.2d at 738 (citations and internal quotation marks omitted) (emphasis added).  The Supreme Court has similarly advised that "it is only by taking care to require allegations that reach the level suggesting [an antitrust violation] that we can hope to avoid the potentially enormous expense of discovery[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (citation omitted); *see also In re Graphics Processing Units Antitrust Litig.*, No. 06-CV-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (staying antitrust discovery pending resolution of motions to dismiss because "[a]fter full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow"); *Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*, No. 16-CV-00634 JMS-KJM, 2017 WL 11139576, at *3 (D. Haw. July 6, 2017) (granting stay pending dispositive motion because "[d]iscovery, and in particular antitrust discovery, can be expensive.").

Discovery in this case, if permitted, will be far more burdensome than the discovery that the Ninth Circuit rejected in *Rutman*.  In that case, the antitrust plaintiff alleged that a competitor had unlawfully terminated a single distribution contract and conspired with a single defendant to monopolize the wine market in just one county in Ohio.  *Rutman,* 829 F.2d at 733.  In rejecting the plaintiff's contention that the trial court erred in refusing to permit discovery before dismissing the complaint, the Ninth Circuit held that it would have been an "abdication of judicial responsibility" to permit discovery without first permitting the defendant to challenge the legal sufficiency of the antitrust complaint.  *Id.* at 738.

Here, Plaintiffs' proposed market is not limited to a single county in a single state, or a single product (wine).  Instead, it encompasses the entire United States and broadly comprises the

"market for patents for high-tech consumer and enterprise electronic devices and components or software therein and processes used to manufacture them," engulfing practically the entire field of "electronics." Cmplt. ¶ 156. Moreover, this is not a two-party dispute over termination of a single distribution agreement. It is a thirteen-party dispute where no less than a dozen contracts are expressly referenced in the Complaint and innumerable more are referenced generally. And the Complaint attacks more than a hundred lawsuits filed in courts throughout the United States and abroad. Consequently, if the relatively modest scope of the antitrust case in *Rutman* compelled a stay of discovery, then the far broader scope of this antitrust case certainly compels the same.

Plaintiffs themselves, moreover, have recognized the importance of implementing discovery stays in antitrust actions during the pendency of motions to dismiss. In a motion to stay discovery[2] in another antitrust case brought in this same district, both Plaintiff Apple and Plaintiff Intel asserted the following:

- "[A] stay is particularly appropriate in complex antitrust cases such as this one, where the burden of requiring Defendants to engage in broad, costly and invasive discovery should only be shouldered <u>if</u> this Court determines that Plaintiffs can plead a viable claim."

- "Long-standing Ninth Circuit precedent is in accord: a trial court abdicates its judicial responsibility if it allows a plaintiff to subject defendants to the prohibitive expense of discovery without first determining whether there is any reasonable likelihood that plaintiff can construct a claim."

- "Only by deciding whether Plaintiffs' claims meet the demands of *Twombly* before permitting discovery to proceed will the Court give full effect to its holding, which is designed to ensure that appropriate and timely judicial scrutiny of the validity of the pleadings in fact will avoid the potentially enormous expense of discovery in meritless antitrust cases."

- "Plaintiffs will suffer no prejudice from awaiting the start of discovery in order to allow the Court to assess the viability of their claims."[3]

---

[2]      Judge Koh granted the motion to stay with the sole exception of requiring production of just those documents that the defendants had already produced to the Department of Justice. *See* Minute Order and Case Management Order, *In re High-Tech Employee Antitrust Litig.,* No. 5:11-cv-02509-LHK (N.D. Cal. Oct. 26, 2011), Dkt. 88 at 1:20-23.

[3] Defendants' Joint Motion for Temporary Stay of Discovery, *In re High-Tech Employee Antitrust Litig.*, No. 5:11-cv-02509-LHK (N.D. Cal. Oct. 13, 2011), Dkt. No. 80 at 1:7-10, 1:25-27, 2:1-2, 2:27-28, 3:1-6 (emphasis in original and internal citations and quotation marks omitted).

1   For all the same reasons articulated by Plaintiffs in that prior action, this Court should stay

2   discovery here pending a decision on Defendants' Motion to Dismiss and Strike.[4]

3           **B.       There Is Good Cause For A Stay Of Discovery**

4           Because both factors of this district's standard are met—and because a stay is supported by

5   substantial precedent—discovery should be stayed pending resolution of Defendants' Motion to

6   Dismiss and Strike.  *See, e.g., In re Nexus*, 2017 WL 3581188, at *2 (granting motion to stay

7   discovery after finding both factors met).  And even if this court were to require an additional

8   "good cause" showing, *e.g., Smith v. Levine Leichtman Capital Partners, Inc.*, No. 10-CV-00010-

9   JSW, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011), such a showing has plainly been made.

10          First, as demonstrated above, this is an antitrust case, and the Ninth Circuit has expressly

11  held discovery stays pending resolution of a motion to dismiss are the appropriate course of

12  action.  *Rutman Wine Co.*, 829 F.2d at 738; *see also In re Graphics Processing Units Antitrust*

13  *Litig.*, 2007 WL 2127577, at *4-5 (finding good cause standard met given potential burdens of

14  antitrust discovery).

15          Second, adjudicating certain aspects of Plaintiffs' claims here could essentially require

16  over a hundred mini patent infringement litigations to assess the strength of Defendants' patents

17  and infringement claims with all of the discovery that will entail.  "One patent infringement case is

18  complex enough."  *Arris Sols, Inc. v. Sony Interactive Entm't LLC.*, No. 5:17-CV-01098-EJD,

19

20

---

21          [4] Intel and Apple have also sought and received stays pending *inter partes* review on
    numerous occasions in the underlying patent litigations referenced in the Complaint.  Harbor Decl.
22  ISO Motion to Stay Discovery ¶ 4.  In doing so, Plaintiffs secured stays of entire litigations (even
    where only some patents at issue were subject to review) for many months on the asserted basis
23  that the stays would serve judicial efficiency and not prejudice the plaintiffs in those cases.  *See,*
    *e.g., Defendant Apple Inc.'s Motion to Stay Pending Inter Partes* Review, *Uniloc USA, Inc. et al*
24  *v. Apple Inc.*, No. 2:16-cv-00638 (E.D. Tex.), Dkt. No. 158 at 3-9; Defendant Intel Corporation's
    Motion to Stay Pending *Inter Partes* Review, *VLSI Technology, LLC. v. Intel Corporation,* Case
25  No. 5:17-cv-05671-BLF (N.D. Cal.), Dkt. 250 at 5-10; Defendant Apple Inc.'s Motion to Stay
    Pending *Inter Partes* Review, *Uniloc USA, Inc. et al. v. Apple Inc.*, No. 3:18-cv-00357-LHK (N.D.
26  Cal.), Dkt. No. 124 at 4-10; Defendants' Motion to Stay Pending *Inter Partes* Review, *IXI Mobile*
    *(R&D) LTD. et al. v. Apple Inc.*, Case. No. 3:15-cv-03755-HSG (N.D. Cal.), Dkt. No. 106 at 4-9.
27  Apple also argued that a stay should be granted before the "resource intensive stages of fact and
    expert discovery begin to be felt by both the parties and the Court[.]"  Defendant Apple Inc.'s
28  Motion to Stay Pending *Inter Partes* Review, *Uniloc USA, Inc. et al. v. Apple Inc.*, No. 2:16-cv-
    00638 (E.D. Tex.), Dkt. No. 158 at 9.  The same analysis weighs in favor of granting a stay here.

2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017).  Litigating scores of them simultaneously will be immensely more costly, inefficient, and burdensome.

Third, at the very least, "some claims and/or defendants might be eliminated by [Defendants'] motion," and Defendants should not be required "to expend resources and perform much work in responding to discovery that might be mooted by the granting of the motion in whole or in part."  *Estate of Bock v. Cty. of Sutter*, No. CIV. S-11-0536 MCE, 2012 WL 94618, at *2 (E.D. Cal. Jan. 9, 2012).  In such circumstances, the "better course" is to resolve the motion to dismiss first and then allow a "narrowly-directed and less burdensome discovery plan" for surviving claims.  *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5.

In summary, to the extent "good cause" is required for issuance of a stay of discovery, that standard is met here.

## III.  SEPARATE AND INDEPENDENT GROUNDS ALSO DEMONSTRATE A LACK OF PREJUDICE AND SUPPORT A STAY OF DISCOVERY

As discussed above, the central premise of Plaintiffs' Complaint is that Defendants have filed several pending patent litigations against Plaintiffs that are allegedly without merit and have engaged in related licensing activities.  Courts in this district routinely stay actions that are premised on allegations that another pending litigation is without merit, or where resolution of pending claims is likely to simplify the antitrust issues, and these cases make clear that (i) Plaintiffs will not be prejudiced by a brief stay of discovery; (ii) such a stay is both appropriate and routine under these circumstances, and (iii) judicial economy will be served by a brief stay. *See, e.g., Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-CV-00923-BLF, 2016 WL 4440245, at *3 (N.D. Cal. Aug. 23, 2016) (granting stay because "resolution of the [patent] case is likely to 'bear upon' this [antitrust] case"); *Fitbit, Inc. v. Aliphcom*, No. CV 04073-EJD, 2016 WL 7888033, *2 (N.D. Cal. May 27, 2016) (granting stay because "resolving issues of patent validity and infringement before addressing the antitrust counterclaim may render the antirust claim moot—thereby conserving judicial economy"); *Iptronics Inc. v. Avago Techs. U.S., Inc.*, No. 14-cv-05647-BLF, 2015 WL 8772089, at *3 (N.D. Cal. Dec. 15, 2015) (granting stay because "resolution of the Patent Action is likely to 'bear upon' this case"); *Cascades Computer*

1   *Innovation LLC v. RPX Corp.*, No. 12-cv-01143-YGR, 2014 WL 900376, at *2 (N.D. Cal. Mar. 4,

2   2014) (granting stay because pending patent litigation "has the potential to narrow substantially, or

3   moot entirely, the antitrust issues now before this Court"); *STMicroelectronics, Inc. v. Avago*

4   *Techs. U.S., Inc.*, No. 5:10-cv-05023-JF-PSG, 2011 WL 1362163, at *2–3 (N.D. Cal. Apr. 11,

5   2011) (staying antitrust case pending resolution of related patent case); *Chip-Mender, Inc. v.*

6   *Sherwin-Williams Co.*, No. C 05-3465-PJH, 2006 U.S. Dist. LEXIS 2176, at *38 (N.D. Cal. Jan. 3,

7   2006) (staying antitrust claims and noting that "[p]roceeding on the antitrust claims

8   simultaneously with the patent claims may delay resolution of the case by increasing its

9   complexity, whereas many issues will likely be mooted by addressing the patent claims first"); *see*

10  *also Eagle Pharm., Inc. v. Eli Lilly & Co.*, No. 18-CV-1121- MSG, 2018 WL 6201704, at *2 n.3

11  (D. Del. Nov. 27, 2018) (noting that "it is common practice for courts to stay an antitrust case until

12  after resolution of a related patent case" and listing cases); *WAKA LLC v. DC Kickball*, 517 F.

13  Supp. 2d 245, 252 (D.D.C. 2007) (staying antitrust counterclaims until after resolution of

14  underlying copyright infringement action); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948,

15  963 (S.D. Cal. 1996) (granting stay until underlying litigation concluded and observing that "it

16  would be an extreme affront to the state court for this Court to rule that the [pending] litigation is

17  baseless.").[5]  These cases provide separate and independent support for a stay of discovery

18  pending a ruling on the Motion to Dismiss and Strike, which ruling may result in the entire action

19  being dismissed as a matter of law.

20

21

22

23

24

25

26

---

27  [5] In light of these voluminous authorities staying entire actions in closely analogous
    circumstances, depending on the Court's resolution of the pending Motion to Dismiss and Strike,

28  some or all of the Defendants may seek a broader stay pending resolution of underlying litigations
    that are at the heart of this Complaint.

1

IV.     **CONCLUSION**

2          As Apple and Intel themselves have argued in an antitrust case in this district, the Court

3   should stay discovery pending a ruling on Defendants' Motion to Dismiss and Strike.

4   Dated:  February 4, 2020                          Respectfully submitted,

5                                                     IRELL & MANELLA LLP

6

7
                                               By:/s/ A. Matthew Ashley
8                                                 A. Matthew Ashley
                                                  *Counsel for Defendants*
9                                                 FORTRESS INVESTMENT GROUP LLC,
                                                  FORTRESS CREDIT CO. LLC,
10                                                VLSI TECHNOLOGY LLC

11
                                                  /s/ Christopher A. Seidl
12                                                Christopher A. Seidl (*pro hac vice*)
                                                  CSeidl@*RobinsKaplan*.com
13                                                ROBINS KAPLAN LLP
                                                  800 LaSalle Avenue, Suite 2800
14                                                Minneapolis, MN 55402
                                                  Telephone:  612 349 8468
15                                                Facsimile:  612 339-4181
                                                  *Counsel for Defendants*
16                                                INVT SPE LLC
                                                  INVENTERGY GLOBAL, INC.
17

18                                                /s/ Nathaniel Lipanovich
                                                  Nathaniel Lipanovich (Bar No. 292283)
19                                                nlipanovich@thoits.com
                                                  THOITS LAW
20                                                400 Main Street, Suite 250
                                                  Los Altos, CA 94022
21                                                Telephone: 650 327-4200
                                                  Facsimile:  650-325-5572
22                                                *Counsel for Defendant*
                                                  DSS TECHNOLOGY MANAGEMENT,
23                                                INC.

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Jason D. Cassady*
Jason D. Cassady (*pro hac vice pending*)
jcassady@caldwellcc.com
CALDWELL CASSADY & CURRY
2121 N. Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: 214 888-4841
Facsimile:  214-888-4849
*Counsel for Defendant*
IXI IP, LLC

*/s/ James J. Foster*
James J. Foster
jfoster@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Telephone:  617 456-8022
Facsimile:  617 456-8100
*Counsel for Defendant*
UNILOC 2017 LLC

*/s/ Daniel. R. Shulman*
Daniel R. Shulman (*pro hac vice*)
daniel.shulman@lathropgpm.com
LATHROP GPM LLP
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612 632-3335
Facsimile: 612 632-4000
*Counsel for Defendants*
UNILOC LUXEMBOURG S.A.R.L.
UNILOC USA, INC

*/s/ Samuel F. Baxter*
Samuel F. Baxter (*pro hac vice*)
sbaxter@mckoolsmith.com
MCKOOL SMITH
104 East Houston, Suite 100
Marshall, TX 75670
Telephone:  903 923-9001
Facsimile:  903 923-9099
*Counsel for Defendant*
SEVEN NETWORKS, LLC

1

2                               **ECF ATTESTATION**

3            I, Olivia Lauren Weber, am the ECF user whose ID and password are being used to file

4    DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY

5    PENDING A RULING ON DEFENDANTS' JOINT MOTION TO DISMISS AND STRIKE.  I

6    hereby attest that I received authorization to insert the signatures indicated by a conformed

7    signature (/s/) within this e-filed document.

8

9

10                                    By: */s/   Olivia Lauren Weber*
                                          Olivia Lauren Weber
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' JOINT NOTICE OF MOTION AND
MOTION TO STAY DISCOVERY
Case No. 3:19-cv-07651-EMC