1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Andrew P. Holland/Bar No. 224737**
aholland@thoits.com
**Nathaniel H. Lipanovich/Bar No. 292283**
nlipanovich@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

**Attorneys for Defendant**
**DSS Technology Management, Inc.**

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION and APPLE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., IXI IP, LLC, AND SEVEN NETWORKS, LLC,<br><br>Defendants. | Case No.:  3:19-cv-07651-EMC<br><br>**DEFENDANT DSS TECHNOLOGY MANAGEMENT, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' COMPLAINT**<br><br>Date: April 23, 2020<br>Time: 1:30 p.m.<br>Judge: Edward M. Chen<br>Courtroom: 5 |

DSS Technology Management, Inc. ("DSS") joins the Joint Motion To Dismiss And To Strike Plaintiffs' Complaint submitted by all Defendants ("Joint Motion").  DSS submits this supplemental brief concerning two additional grounds specific to DSS that also require dismissal.  First, the Complaint's allegations concerning DSS were released by a settlement between Intel and DSS that resolved the only underlying litigation involving DSS identified in the Complaint (the "Settlement").  The Settlement is expressly referenced at paragraph 113 and is properly considered on a motion to dismiss.  Second, based on the Complaint's own allegations, the statute of limitations bars all claims against DSS because they are based on 2014 and early 2015 events.

The Complaint's allegations demonstrate that DSS is unique amongst the Defendants.  Plaintiffs only identify a single patent infringement litigation involving DSS brought against Intel in February 2015.  To resolve that litigation, Intel and DSS entered into a January 2019 Settlement that expressly included a mutual release of litigation fees and costs.  This release was incorporated into the court's final judgment.  Yet Intel is now seeking to recover these same fees and costs in the current litigation.  Intel also released, *inter alia,* claims based on what Intel asserted in its answer to the DSS complaint, which included claims that the DSS patents were invalid and not infringed.  The Complaint makes identical allegations, namely that Defendants (i.e. DSS) asserted "invalid" and "noninfringed" patents against Plaintiffs.  These claims are thus also barred by the Settlement.

The timeline of alleged events involving DSS also requires that DSS be dismissed from the case.  The Complaint bases its claims against DSS on a February 2014 agreement with Fortress Credit Co. LLC ("Fortress Credit") and the above referenced February 2015 lawsuit against Intel.  Each of these events occurred more than four years before Plaintiffs filed the Complaint, and Plaintiffs do not allege any subsequent act within the limitations period that caused their claim to reaccrue.  Thus the claims against DSS are also barred by the statute of limitations.

## I.    THE COMPLAINT'S ALLEGATIONS SPECIFIC TO DSS

Only 9 of the 191 paragraphs in the Complaint reference DSS.  *See* Compl. ¶¶ 23, 70-72, 110-113, 173.  Only 7 contain substantive allegations, and even those allegations are limited to two events – a loan agreement with Fortress Credit and a lawsuit by DSS against Intel.

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Specifically, paragraphs 70-72 allege that Fortress Credit and DSS entered into an Investment Agreement on February 13, 2014 in which Fortress Credit issued a loan to DSS secured by a lien on ten patents. Compl. ¶ 70.  DSS is alleged to have defaulted on that loan, and through two subsequent amendments DSS transferred to Fortress Credit the rights to certain "DSS's semiconductor related patents."  Compl. ¶¶ 71-72.  The Complaint does not identify any portion of the Investment Agreement or its amendments that purportedly constituted an agreement to unreasonably restrain trade, nor does the Complaint identify any agreement under which DSS would file "meritless" litigation.  The Complaint also does not identify any agreement with any defendant other than Fortress Credit.  *See* Joint Motion § II(A).

Paragraphs 110-113 then identify a single lawsuit filed by DSS against Intel on February 16, 2015.  Compl. ¶ 110.  As set forth in the Complaint, the parties agreed to a stay pending the outcome of IPR proceedings.  *Id.* ¶ 111.  While an appeal of the PTAB's ruling was pending, Intel and DSS entered into the Settlement and the case was dismissed.  *Id.* ¶ 112-13.  There are no allegations that this suit was brought in bad faith or for anticompetitive purposes and Intel does not allege that DSS's infringement or validity arguments were unreasonable (let alone meritless).

In the Settlement referenced in Complaint paragraph 113, defendant Intel released "any and all Claims asserted by such Defendant or its Affiliates in the Litigation."  *See* Ex. A[1] § 2.1(iv) (release of DSS).  "Claims" is defined broadly to include "claims, counterclaims, answers, cross-claims and any judicial, administrative or other proceeding of any kind in any jurisdiction, as well as any and all actions, causes of action, costs, damages, debts, demands, expenses, liabilities, losses, obligations, proceedings, and suits of every kind and nature, liquidated or unliquidated, fixed or contingent, in law, equity, or otherwise, whether asserted or unasserted, whether presently known or unknown, whether anticipated or unanticipated, and whether direct or derivative."  *Id.* § 1.2 (emphasis added).  In its answer, Intel asserted the DSS patents at issue were invalid and not infringed.  *See* Ex. B at 13-14.  The Settlement also contained a California Civil Code § 1542 release that made clear Intel "waive[d] all rights and benefits they may have had against the released Parties in the past, now have or in the future may have in connection with the Claims

---

[1] "Ex. __" refers to exhibits to the Request for Judicial Notice submitted concurrently with this brief.

1  released in Section 2.1." Ex. A § 2.2.  Intel further agreed to bear its own attorneys' fees and costs.

2  *Id.* § 2.7.  The judgment dismissing the case also decreed that each party was to bear its own fees

3  and costs.  *See* Ex. C.

4  **II.     INTEL RELEASED ITS CLAIMS AGAINST DSS IN A SETTLEMENT**

5  **           AGREEMENT THAT IS REFERENCED IN THE COMPLAINT**

6           As set forth in the Joint Motion, Plaintiffs have not pleaded an antitrust injury.  Joint Motion

7  § IV.  Even if the argument on failure to allege an antitrust injury fails as to all Defendants, DSS

8  still must be dismissed because there is no injury or harm attributable to it.  Intel expressly released

9  its right to seek costs or attorneys' fees relating to the underlying litigation with DSS, and this

10 waiver was incorporated into the court's judgment.  Further, the Settlement contained a release

11 provision that clearly covers the basis for Plaintiffs' claims and any other alleged harm asserted in

12 the Complaint.

13         First, Plaintiffs assert that they have suffered harm in the form of "litigation costs."  *See*

14 Compl. ¶¶ 176 (Count I), 185 (Count III).  With respect to DSS, there is only one lawsuit identified

15 in the Complaint, and thus only one source of "litigation costs" (assuming these costs are actionable

16 in the first place, see Joint Motion § IV(B)).  Compl. ¶¶ 110-13.  However, Intel waived its right to

17 recover these exact same fees and costs from DSS as part of the Settlement.  Ex. A § 2.7.  This was

18 reduced to a Final Judgment entered by the court that clearly states "each party to bear its own costs

19 and attorneys' fees."  Ex. C.  Intel is now seeking to undo that judgment in a different court without

20 going through any of the necessary procedures or satisfying the requisite standard.  *See* Fed. R. Civ.

21 Proc. 60 (Relief From a Judgment or Order).  This attempt should be rejected and the Court should

22 find the release and Final Judgment bars Plaintiffs' claims.  *See Reyn's Pasta Bella, LLC v. Visa*

23 *USA, Inc*., 442 F.3d 741, 743, 746 (9th Cir. 2006) (affirming dismissal of antitrust claims based on

24 prior release); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1008 (9th Cir. 2012) (affirming

25 12(b)(6) dismissal based on release that barred claims).

26         Second, the entirety of Plaintiffs' Complaint against DSS is based on allegations that were

27 released by the very Settlement that the Complaint references in paragraph 113.  The gravamen of

28 the Complaint is that "Fortress and its PAEs acquire and seek to monetize <u>meritless</u> patents."

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

Compl. ¶ 9 (emphasis added).  Plaintiffs further claim that "[i]n particular, Fortress and its PAEs increase the likelihood that a <u>weak</u> patent will slip through litigation and be found <u>infringed, valid,</u> and <u>enforceable</u> when it should not be," *id.* ¶ 39 (emphasis added), and that "[a]s a direct result of Defendants' illegal conduct, Intel and Apple have suffered economic harm <u>in the form of litigation costs</u> and diversion of resources away from innovation <u>to respond to these entities' serial nuisance suits.</u>"  Compl. ¶ 185 (alleged UCL harm, emphasis added); *see also* ¶ 176 (alleged Sherman Act harm).  In other words, Plaintiffs' legal theories of injury and harm require allegations that Defendants asserted invalid and non-infringed patents.

With respect to DSS, these allegations again fail because there is only one underlying DSS suit alleged in the Complaint, and as the Complaint admits, it was the subject of the Settlement. Even if Plaintiffs could bring a claim based on Defendants' alleged assertion of "invalid" or "noninfringed" patents in the underlying litigations identified in the Complaint, the Settlement released these claims as against DSS.  Specifically, the Settlement released "Claims" asserted in an "answer," see Ex. A § 2.1(iv), and Intel's answer asserted the invalidity and noninfringement of DSS's patents.  Ex. B at 13-14.  The Settlement also includes a broad California Section 1542 waiver.  Ex. A, § 2.2.  Like here, when a release bars a plaintiff's claim, those claims should be dismissed with prejudice.  *See Robinson v. Wells Fargo Home Mortg.*, No. 16-CV-01619-YGR, 2017 WL 1354784, at *4 (N.D. Cal. Apr. 13, 2017) (granting motion to dismiss claims barred by an earlier release without leave to amend).

## III.  PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations for antitrust claims is four years and it begins to run at the time of the allegedly unlawful act that injured the plaintiff.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971).[2]  Here, DSS's supposed unlawful act is based on a February 13, 2014 Investment Agreement (Compl. ¶ 70) and allegations that "[b]acked by Fortress funds, DSS sued Intel on February 16, 2015."  *Id.* ¶ 110.  That lawsuit is the only alleged basis for any harm to

---

[2] The UCL claim is based on the antitrust claim and thus fails for the same reason.  *See Mitchell v. Reg'l Serv. Corp.*, No. C 13-04212 JSW, 2014 WL 12607809, at *5 (N.D. Cal. Apr. 23, 2014) ("If the underlying claim that the UCL claim is predicated upon fails then the UCL claim fails as well.").

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

1    Plaintiffs by DSS, see Section II, *supra*, and it commenced over four years before the Complaint

2    was filed on November 20, 2019 (Dkt. 1).

3            To bring an antitrust claim four years after the alleged scheme began, Plaintiffs must show

4    an overt act within the limitations period.  Not any act will do: "1) It must be a new and independent

5    act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating

6    injury on the plaintiff."  *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987);

7    *see also Airweld, Inc. v. Airco, Inc.*, 742 F.2d 1184, 1190 (9th Cir. 1984) ("Importantly, for the

8    cause of action to reaccrue [plaintiff] was required to show [defendant] committed acts which not

9    only caused it injury but also caused antitrust injury during the limitations period.").

10           In *Pace*, like here, the alleged antitrust injury flowed from a prior lawsuit.  *Pace*, 813 F.2d at

11   238.  The Ninth Circuit held that the statute of limitations barred an antitrust suit over that prior suit

12   because the continuation of a lawsuit into the limitations period does not result in any new injury.

13   As the court explained, "the reasonable expectation from the commencement of a lawsuit is that the

14   plaintiff will pursue the litigation until it prevails or the last appeal is exhausted."  *Id.*

15           Here, Plaintiffs' alleged antitrust injury (assuming it is actionable at all) is based on the

16   underlying litigations filed by Defendants.  *See* Compl. ¶¶ 176, 185.  For DSS, the alleged harm is

17   thus based on a single lawsuit filed more than four years prior to the Complaint.  The Ninth Circuit

18   explained a party's options in these circumstances:  The antitrust plaintiff "should have

19   counterclaimed or filed a separate action within the time mandated by the statute."  *Pace*, 813 F.2d

20   at 239.  Instead, Intel signed a release and settled its suit with DSS.  Thus even if Plaintiffs' claims

21   were not barred by the Settlement, the limitations period has run and the Complaint is barred.  In the

22   absence of sufficient allegations that Plaintiffs suffered an injury within the limitations period, the

23   Court should dismiss with prejudice.  *See Macgregor v. Dial*, No. 2:13-CV-1883 JAM AC, 2015

24   WL 1405492, at *10 (E.D. Cal. Mar. 26, 2015), *subsequently aff'd*, 671 F. App'x 441 (9th Cir.

25   2016) (dismissal with prejudice on statute of limitations grounds).

26   **IV.    CONCLUSION**

27           As stated above, DSS asks the Court to dismiss Plaintiffs' claims against it with prejudice.

28

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

1    Dated: February 4, 2020                    Respectfully submitted,

2                                               **THOITS LAW**
                                                **Attorneys for Defendant**
3                                               **DSS Technology Management, Inc.**

4
                                         By:
5                                               _/s/ Nathaniel Lipanovich_
                                                **Andrew P. Holland/Bar No. 224737**
6                                               **Nathaniel H. Lipanovich/Bar No. 292283**
                                                A Professional Corporation
7                                               400 Main Street, Suite 250
                                                Los Altos, California 94022
8                                               Telephone: (650) 327-4200
                                                Facsimile:  (650) 325-5572
9                                               Email:      aholland@thoits.com
                                                            nlipanovich@thoits.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DSS SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS AND STRIKE