Matthew S. Warren (Bar No. 230565)
Erika H. Warren (Bar No. 295570)
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
19-7651@cases.warrenlex.com

*Attorneys for High Tech Inventors Alliance and*
*Computer & Communications Industry Association*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION, APPLE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., IXI IP, LLC, and SEVEN NETWORKS, LLC,<br><br>Defendants. | Case No. 5:19-cv-07651-EMC<br><br>**MOTION BY HIGH TECH INVENTORS ALLIANCE AND COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION FOR LEAVE TO FILE** *AMICUS CURIAE* **BRIEF SUPPORTING PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Judge:    Hon. Edward M. Chen |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on the papers or at a hearing ordered by the Court, the High Tech Inventors Alliance ("HTIA") and Computer & Communications Industry Association ("CCIA") will move for leave to file a brief as *amici curiae* in support of the Intel Corporation ("Intel") and Apple Inc. ("Apple") in opposing Defendants' Motion to Dismiss and to Strike Plaintiffs' Complaint, Docket No. 111. In light of General Order Nos. 72 and 73 of this Court regarding the coronavirus emergency, and this Court's Order vacating oral argument on Defendants' Motion to Dismiss and to Strike Plaintiffs' Complaint, *amici* do not believe the Court wishes them to set a hearing date at this time, and will await any order from the Court regarding a potential hearing.

*Amici* have filed their proposed *amicus curiae* brief as Exhibit 1 to this motion. This motion is based on the arguments below, the proposed *amicus curiae* brief, the pleadings and papers on file in this action, and any other matters of which the Court may take notice.

HTIA and CCIA conferred with the parties in advance of filing this motion. Plaintiffs do not oppose. By the time of this filing, defendants were not able to provide their position.

## INTEREST OF *AMICI CURIAE*

High Tech Inventors Alliance ("HTIA") is a non-profit corporation dedicated to advancing a patent system that promotes and protects real investments in technologies and American jobs. HTIA supports fair and reasonable patent policy through publication of policy research, providing testimony and comments to Congress and government agencies including the United States Patent & Trademark Office, and sharing industry perspective with courts considering issues important to the technology industry.

HTIA's members, listed at https://www.hightechinventors.com/about, are some of the most innovative technology companies in the world, creating the computer, software, semiconductor, and communications products and services that support growth in every sector of the economy.[1] HTIA members rely on a well-functioning patent system as they collectively invest about $75 billion in research and development each year. HTIA members also contribute significantly to employment and the economy, providing more than 1.3 million jobs and generating more than $600 billion in annual revenues.

---

[1] Although plaintiff Intel Corporation is a member company of HTIA and CCIA, Intel did not contribute to this brief.

– 1 –    Case No. 5:19-cv-07651-EMC
MOTION BY HTIA AND CCIA FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

HTIA's mission is to promote balanced patent policies that preserve critical incentives to invest in innovation, research, and American jobs.

The Computer & Communications Industry Association ("CCIA") is an international non-profit association representing a broad cross-section of computer, communications, and Internet industry firms, listed at http://www.ccianet.org/members, that collectively employ nearly a million workers and generate annual revenues in excess of $540 billion. CCIA believes that open, competitive markets and original, independent, and free speech foster innovation. It regularly promotes that message through *amicus* briefs in this and other courts on issues including competition and patent law.

CCIA's members rely on the patent system to protect innovation. CCIA members receive more than 150,000 U.S. patents each year and regularly appear in the list of top U.S. patent recipients. At the same time, CCIA members are frequently the recipients of baseless patent assertions. CCIA seeks to promote a balanced system that rewards innovation while also preventing abusive patent acquisition and assertion campaigns that chill investment in productive activity and harm the competitive process.

This case involves important questions about patent acquisition and assertion. HTIA and CCIA support a balanced patent system that ensures high quality patents and benefits to innovation.

## **ARGUMENT**

The Court has broad discretion to appoint *amicus curiae*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). "District courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (internal quotation marks and citation omitted). "*Amici* fulfill the classic role of *amicus curiae* by assisting in a case of general public interest, supplementing the assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted).

For these reasons, courts have "exercised great liberality" when determining whether to allow *amici* to participate in a case. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. 06-1254, 2007 WL

81911, at *3 (N.D. Cal. Jan. 9, 2007).  There are "no strict prerequisites that must be established prior to qualifying for *amicus* status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court."  *Id.* (internal quotation marks and citation omitted).  This Court has welcomed *amicus* briefs where "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citation omitted); *see, e.g.*, *State of California v. Azar*, Docket No. 54, 19-01184 (N.D. Cal. Apr. 5, 2019); *Staley et al. v. Gilead Sciences, Inc., et al.*, Docket No. 199, 19-2573 (N.D. Cal. Nov. 7, 2019).

      Here, proposed *amici* HTIA and CCIA provide important industry perspective on the allegations before the Court, representing the experience of their members as leaders in technology.  As they explain in their statement of interest, *supra*, HTIA and CCIA are non-profit organizations dedicated to the promotion of technology and innovation through a healthy patent system.  Relying on their members' experience, HTIA and CCIA propose to provide the Court with perspective and experience regarding the allegations of plaintiffs' complaint and the effect they would have, if true.  HTIA and CCIA's proposed *amicus* brief is not duplicative of any party's filing, but addresses issues not briefed by the parties.  In short, HTIA and CCIA respectfully submit that their "participation is useful or otherwise desirable to the court," and that the Court should grant leave to file their proposed *amicus* brief.  *Woodfin*, 2007 WL 81911, at *3.

## CONCLUSION

      For the foregoing reasons, HTIA and CCIA respectfully request leave to file the accompanying *amicus curiae* brief in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss and to Strike Plaintiffs' Complaint.

Date:  March 23, 2020                                          Respectfully submitted,

                                                                                  Matthew S. Warren (Bar No. 230565)
                                                                                 Erika H. Warren (Bar No. 295570)
                                                                                 WARREN LEX LLP

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   |                                                                      |
| 2   | 2261 Market Street, No. 606                                          |
|     | San Francisco, California, 94114                                     |
| 3   | +1 (415) 895-2940                                                    |
|     | +1 (415) 895-2964 facsimile                                          |
| 4   | 19-7651@cases.warrenlex.com                                          |
| 5   | *Attorneys for High Tech Inventors Alliance and*                     |
|     | *Computer & Communications Industry Association*                     |