Andrew P. Holland/Bar No. 224737
aholland@thoits.com
Nathaniel H. Lipanovich/Bar No. 292283
nlipanovich@thoits.com
THOITS LAW
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

Attorneys for Defendant
DSS Technology Management, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION and APPLE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., IXI IP, LLC, AND SEVEN NETWORKS, LLC,<br><br>Defendants. | Case No.:  3:19-cv-07651-EMC<br><br>**DEFENDANT DSS TECHNOLOGY MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' COMPLAINT**<br><br>Date: June 18, 2020<br>Time: 1:30 p.m.<br>Judge: Edward M. Chen<br>Courtroom: 5 |

Plaintiffs' Complaint is twice barred as against DSS:  It relies on allegations that were released in a Settlement of the only underlying lawsuit involving DSS and it was filed after the statute of limitations had run.  Plaintiffs are unable to refute these flaws and do not identify new allegations or seek leave to amend.  Thus the Complaint should be dismissed with prejudice.

## I. PLAINTIFFS RELEASED THE BASIS FOR THIS SUIT AS TO DSS

### A. The Settlement Released The Basis For This Lawsuit

DSS's Supplemental Brief demonstrates that Intel released its "Claims" against DSS as part of a Settlement.  "Claims" are defined to include an "answer," Dkt. 114 at 2:18-23, and Intel's "answer" contained challenges to the validity and infringement of DSS's patents.  *Id.* at 4:11-19.  Thus Intel released the ability to bring a lawsuit (like this one) based on the alleged invalidity and noninfringement of DSS's patents.  Plaintiffs advance three arguments in Opposition, yet none address the defined term "Claims."  Instead, the Opposition argues over whether Intel released "claims" (lowercase).  *E.g.*, Dkt. 137 (Opp.) 1:15, 2:8, 2:24, 3:18, 4:20 ("claims" without referring to Settlement).  Each argument is thus misleading and irrelevant, in addition to being wrong.

*First*, Plaintiffs argue that Intel's "answer" contained affirmative defenses, not "counterclaims," and cite cases holding that an affirmative defense is not a counterclaim in an unrelated context.  *Id.* at 2:22-3:9.  Yet Plaintiffs fail to argue that an affirmative defense is not an "answer," or that "answer" is not a released "Claim."  *Second*, Plaintiffs argue they are not bringing invalidity and noninfringement claims, and *third*, that they need not prove "every single patent" asserted by Defendants "was invalid and/or not infringed."  *Id.* at 3:4-4:17.  Yet Plaintiffs admit the Complaint depends on those assertions.  *Id.* at 3:12-14 (alleging scheme included "assertion of weak patents in the hopes that some will be found improperly valid and infringed."); *see also* Dkt. 114 at 3:26-4:8 (citing allegations of invalidity/noninfringement).  The Settlement therefore bars any contention by Plaintiffs that DSS asserted such patents against Plaintiffs.

Finally, Plaintiffs argue Apple was not a party to the release.  Opp. 2, n.2.  But there are no allegations involving DSS and Apple, so Apple has no claim against DSS relevant to the analysis.  *See Sumotext Corp. v. Zoove, Inc.*, No. 16-CV-01370-BLF, 2017 WL 2774382, at *10 (N.D. Cal. June 26, 2017) ("Allegations which lump multiple defendants together are insufficient.").

### B. Plaintiffs Cannot Seek To Recover Litigation Costs From DSS

Plaintiffs do not dispute that the court's final judgment in the underlying DSS litigation dismissed the case "with each party to bea[r] its own costs and attorneys' fees." Opp. 5, n.3 (citing Dkt. 116, Ex. C). Instead, Plaintiffs argue they "pleaded damages beyond litigation costs," but each cited harm ties back to the litigation. *Id.* at 4:24-5:3. Assuming the litigation costs here constitute alleged antitrust injury at all, the Settlement released that alleged injury as to DSS. The single suit against Intel (and not events that "preceded" the related IPR Appeal) is the only source of alleged litigation costs involving DSS, and thus the Complaint must be dismissed against DSS because Intel already agreed to bear those costs.

## II. PLAINTIFFS IDENTIFY NO OVERT ACT WITHIN THE LIMITATIONS PERIOD

Plaintiffs admit they must plead an "overt act" that is (1) new and independent and (2) inflicts new and accumulating injury on the plaintiff. Opp. 6:4-6. The Opposition does not identify any such act, pointing only to a 2016 amendment to share "proceeds from monetization efforts" for additional patents, and a 2018 amendment to transfer certain patents rights from DSS to Fortress Credit. Plaintiffs never explain how either amendment "inflict[ed] new and accumulating injury," *id.* at 6:20-7:4, and they admit in their Opposition to Defendants' Joint Motion that their alleged injury occurred on the date they were sued, not the date of the alleged transfers. Dkt. 136 at 38:16-18. The Complaint likewise admits, "[t]here is nothing inherently illegal with owning many patents or obtaining those patents through acquisition." Cmplt. ¶ 48.

Plaintiffs also wrongly argue that an "overt act" occurred when DSS "continu[ed] to pursue its lawsuit against Intel." Opp. 7:7-13. Ninth Circuit precedent is to the contrary, holding that "no new injury results" from the continuation of litigation. *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987). Plaintiffs only support, *Samsung v. Panasonic*, also confirmed that continuing a suit "'relate[s] back' to the filing of the case." 747 F.3d 1199, 1203 (9th Cir. 2014).

Plaintiffs attempt to distinguish *Pace* by arguing that DSS's complaints in the underlying lawsuit did not put Plaintiffs "on notice" of an antitrust violation. Opp. 7:22-8:8 (citing *Air Control Techs.*, 720 F.3d at 1178, and *Supermail*, 68 F.3d at 1207). But neither case cited by Plaintiffs contained a "notice" requirement for antitrust claims. Instead, as the Supreme Court has held for

antitrust claims, "the statute begins to run when a defendant commits an act that injures a plaintiff's business." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971).  Here, Plaintiffs' position is that the DSS lawsuit caused them antitrust injury.  Compl. ¶¶ 82, 110, 176, 185.  This suit, the only one involving DSS identified in the Complaint, was filed in early 2015, more than four years prior to the Complaint, and thus the statute of limitations has run.

   Notably, even if there were a "notice" requirement for antitrust statute of limitations, Plaintiffs are careful not to take the position they actually lacked notice in early 2015.  The reason is obvious; they had notice.  Fortress Credit's interest in the asserted patents was public knowledge by March 4, 2014, based on the Patent Security Agreement filed with the USPTO.  *See* Dkt. 111-7 (RJN Ex. F).  Thus it is irrelevant whether DSS's complaints mention Fortress, as Plaintiffs cite no support for a "notice" requirement and do not claim they were not on notice in any event.

   Finally, Plaintiffs' UCL claim against DSS is similarly time barred.  DSS explained that the UCL claim is based on the antitrust claim, and thus fails along with it.  *See* Dkt. 114 at 4, n.2.  The Opposition does not contest this and the UCL claim against DSS should also be dismissed.

Dated: April 13, 2020                              Respectfully submitted,

                                                   **THOITS LAW**
                                                   **Attorneys for Defendant**
                                                   **DSS Technology Management, Inc.**


                              By:    _____*/s/ Nathaniel Lipanovich*_____
                                     **Andrew P. Holland/Bar No. 224737**
                                     **Nathaniel H. Lipanovich/Bar No. 292283**
                                     A Professional Corporation
                                     400 Main Street, Suite 250
                                     Los Altos, California 94022
                                     Telephone: (650) 327-4200
                                     Facsimile:  (650) 325-5572
                                     Email:      aholland@thoits.com
                                                 nlipanovich@thoits.com