WILMER CUTLER PICKERING
 HALE AND DORR LLP
Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Fax: (650) 858-6100

WILMER CUTLER PICKERING
 HALE AND DORR LLP
Leon B. Greenfield (admitted *pro hac vice*)
leon.greenfield@wilmerhale.com
Amanda L. Major (admitted *pro hac vice*)
amanda.major@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363

WILMER CUTLER PICKERING
 HALE AND DORR LLP
William F. Lee (admitted *pro hac vice*)
william.lee@wilmerhale.com
Joseph J. Mueller (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
Timothy D. Syrett (admitted *pro hac vice*)
timothy.syrett@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Plaintiffs*
*Intel Corporation, Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| INTEL CORPORATION, APPLE INC., <br><br> Plaintiffs, <br><br> v. <br><br> FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., IXI IP, LLC, and SEVEN NETWORKS, LLC, <br><br> Defendants. | Case No. 3:19-cv-07651-EMC <br><br> **PLAINTIFFS' RESPONSE TO STATEMENT OF INTEREST OF THE UNITED STATES** <br><br> Judge: Hon. Edward M. Chen <br> Date: June 18, 2020 <br> Time: 1:30 p.m. |

## I. INTRODUCTION

Plaintiffs respectfully submit this response to the Statement of Interest of the United States (the "Statement"). The Statement largely echoes Defendants' Motion to Dismiss, to which Plaintiffs respond in detail in their Opposition Memoranda. The Statement is the latest in the Justice Department's (the "Department") expanded amicus program through which the Department increasingly files amicus briefs in district courts, courts of appeals, and the Supreme Court.[1] It is also the latest example of the Department opposing private antitrust actions having some connection to intellectual property.[2] The Department's opposition here, however, advocates a position that contradicts what the Department has advocated previously. Specifically, the Statement's position that market definition is required for Section 7 claims—yet not for Section 1 claims—is the opposite of the Department's prior position on that issue. The Statement also reflects an internal inconsistency. Namely, the Statement's argument that the conduct Plaintiffs challenge is cognizable only under Section 2 of the Sherman Act ignores a distinction—that Plaintiffs challenge the aggregation of patents, not the assertion of patents—that the Department itself recognizes in the Statement's *Noerr-Pennington* discussion. For the reasons in Plaintiffs' Opposition Memoranda and here, the Court should reject the Department's arguments in support of Defendants' motion to dismiss.

## II. ARGUMENT

The Department's argument that market definition is required for Section 7 claims—yet not for Section 1 claims—contradicts the Department's previously held position on the issue.

---

[1] *See* Antitrust Division Update Spring 2019, U.S. Dep't of Justice, https://www.justice.gov/atr/division-operations/division-update-spring-2019/antitrust-division-s-competition-advocacy (last updated Mar. 28, 2019).

[2] *See, e.g.*, Motion for Leave to File Statement of Interest, *Con't Auto. Sys., Inc. v. Avanci, LLC*, No. 3:19-CV-02933-M (N.D. Tex. Feb. 27, 2020); Statement of Interest of the United States; *Lenovo (United States) Inc. v. IPCOM GMBH & CO., KG*, No. 5:19-CV-01389-EJD (N.D. Cal. Oct. 25, 2019); Notice of Intent to File a Statement of Interest of the United States of America, *U-Blox AG v. Interdigital, Inc.*, No. 3:19-CV-0001-CAB (BLM) (S.D. Cal. Jan. 11, 2019).

---

Case No. 3:19-cv-07651        1        PLAINTIFFS' RESPONSE TO STATEMENT OF INTEREST OF THE UNITED STATES

1  *See* Statement at 5-7 & 6 n.5.[3]  The Department explained to a court in this District that
2  "[m]arket definition and market share are . . . not a necessary predicate to antitrust liability under
3  Section 1 of the Sherman Act," and "[t]he rule should be no different under Section 7 of the
4  Clayton Act." Plaintiffs' Trial Brief at 8, *United States v. Oracle Corp.*, No. 3:04-CV-00807-
5  VRW (N.D. Cal. June 1, 2004).  The Department pointed out that "[b]ecause Section 7 deals
6  with likely future effects of a transaction ('may substantially lessen'), rather than with current
7  effects of challenged conduct, it is often necessary to infer those effects from market structure."
8  *Id.*  But "[i]n merger analysis, the ultimate question is always about the creation or enhancement
9  of market power." *Id.*; *see also* Plaintiffs' Response to Defendant's Partial Motion to Dismiss
10 Or, In the Alternative, for a More Definite Statement at 4, *United States v. Dean Foods Co.*, No.
11 2:10-CV-00059-JPS (E.D. Wis. Mar. 11, 2010) (explaining in a Section 7 case that "[m]arket
12 definition is not a jurisdictional prerequisite, or an issue having its own significance under the
13 statute; it is merely an aid for determining whether [market] power exists." (quoting *Gen. Indus.*
14 *Corp. v. Hartz Mountain Corp.*, 810 F.2d 795, 805 (8th Cir. 1987))).

15      The Department's position in this matter also conflicts with its current public guidance on
16 mergers.  According to the Department's and the Federal Trade Commission's Horizontal
17 Merger Guidelines, merger analysis "need not start with market definition.  Some of the
18 analytical tools used by the Agencies to assess competitive effects do not rely on market
19 definition, although evaluation of competitive alternatives available to customers is always
20 necessary at some point in the analysis." *See* U.S. Dep't of Justice & Fed. Trade Comm'n,
21 Horizontal Merger Guidelines § 4 (2010).  "[M]arket definition allows the Agencies to identify
22 market participants and measure market shares and market concentration." *Id.*  Yet "[t]he
23 measurement of market shares and market concentration is not an end in itself, but is useful to
24 the extent it illuminates the merger's likely competitive effects." *Id.*

25

---

[3] In any event, as explained in their Memorandum of Points and Authorities in Opposition to Defendants' Joint Motion to Dismiss, Plaintiffs have sufficiently alleged the Electronics Patents Market. *See* Plaintiffs' Mem. at 21.

The Statement's inconsistency is not limited to the Department's Section 7 argument. The Statement is internally inconsistent in its argument that the conduct Plaintiffs challenge is cognizable only under Section 2 of the Sherman Act rather than under Section 1 or Section 7. *See* Statement at 16-17. This conclusion relies on a faulty premise—that Plaintiffs challenge "Fortress's unilateral action (namely, the alleged prodigious litigation activity it carried out or directed) following the aggregation of the patents." *Id.* But as the Complaint makes clear, the conduct Plaintiffs challenge is not "prodigious litigation activity" but rather Defendants' aggregation of patents. *See, e.g.*, Compl. ¶¶ 35-50 (describing the anticompetitive effects of Defendants' patent aggregation).

The Department itself recognizes this distinction—between unlawful patent aggregation and subsequent litigation to profit from that aggregation—when it explains elsewhere in the Statement that *Noerr-Pennington* immunity should not apply here. *See* Statement at 18-19. "[E]ven if wholly post-acquisition conduct (such as litigation) is protected by the *Noerr-Pennington* doctrine, the doctrine does not bar liability where the acquisition itself of patents lessens competition." *Id.* at 18 (footnote omitted). Harming competition through patent acquisitions, the Department points out, "remains subject to the antitrust laws even if there is subsequent litigation to enforce the patents." *Id.* at 19. It is precisely that distinction that makes clear why Plaintiffs' claims are cognizable under Section 1 and Section 7: Plaintiffs challenge Defendants' agreements that aggregate patents, not "unilateral action . . . following the aggregation of patents."[4] *Id.* at 16.

### III. CONCLUSION

The Court should reject the Department's arguments in support of Defendants' motion to dismiss.

---

[4] That some aspects of Fortress's conduct may also be actionable as unilateral conduct does not mean that properly pleaded violations of Section 1 or Section 7 should not be allowed to proceed.

| Case No. 3:19-cv-07651 | 3 | PLAINTIFFS' RESPONSE TO STATEMENT OF INTEREST OF THE UNITED STATES |
|---|---|---|

| | | |
|---|---|---|
| 1 | DATED: April 13, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Mark D. Selwyn* |
| 4 | | Mark D. Selwyn (SBN: 244180) |
| | | mark.selwyn@wilmerhale.com |
| 5 | | WILMER CUTLER |
| | |   PICKERING HALE AND |
| 6 | |   DORR LLP |
| | | 950 Page Mill Road |
| 7 | | Palo Alto, CA 94304 |
| | | Telephone: +1 650 858 6000 |
| 8 | | Facsimile:  +1 650 858 6100 |
| 9 | | William F. Lee (admitted *pro hac vice*) |
| | | william.lee@wilmerhale.com |
| 10 | | Joseph J. Mueller (admitted *pro hac vice*) |
| | | joseph.mueller@wilmerhale.com |
| 11 | | Timothy Syrett (admitted *pro hac vice*) |
| | | timothy.syrett@wilmerhale.com |
| 12 | | WILMER CUTLER |
| | |   PICKERING HALE AND |
| 13 | |   DORR LLP |
| | | 60 State Street |
| 14 | | Boston, MA 02109 |
| | | Telephone: +1 617 526 6000 |
| 15 | | Facsimile:  +1 617 526 5000 |
| 16 | | Leon B. Greenfield (admitted *pro hac vice*) |
| | | leon.greenfield@wilmerhale.com |
| 17 | | Amanda L. Major (admitted *pro hac vice*) |
| | | amanda.major@wilmerhale.com |
| 18 | | WILMER CUTLER |
| | |   PICKERING HALE AND |
| 19 | |   DORR LLP |
| | | 1875 Pennsylvania Avenue, N.W. |
| 20 | | Washington, DC 20006 |
| | | Telephone: +1 202 663 6000 |
| 21 | | Facsimile:  +1 202 663 6363 |
| 22 | | |
| 23 | | *Attorneys for Plaintiffs* |
| | | INTEL CORPORATION, APPLE INC. |