MAKAN DELRAHIM
Assistant Attorney General, Antitrust Division

DAVID L. ANDERSON (CABN 149604)
United States Attorney

WILLIAM J. RINNER
Senior Counsel and Chief of Staff to the Assistant Attorney General, Antitrust Division

MICHAEL F. MURRAY
Deputy Assistant Attorney General, Antitrust Division

DANIEL E. HAAR
ANDREW N. DeLANEY
Attorneys, Antitrust Division
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 598-2846
Facsimile: (202) 514-0536
E-mail: andrew.delaney@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION, APPLE INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., IXI IP, LLC, and SEVEN NETWORKS, LLC,<br><br>    Defendants. | No. 3:19-cv-07651-EMC<br><br>**THE UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE TO THE UNITED STATES' STATEMENT OF INTEREST** |

Case No. 3:19-cv-07651-EMC

The Plaintiffs' Response (Pl. Br.) to the Department of Justice's Statement of Interest (SOI) ignores binding case law and misunderstands (or ignores) the Department's express statements.

*First*, the SOI states, citing Supreme Court and Ninth Circuit precedent, that "Courts have held that a properly defined market is essential in a case involving Section 7 of the Clayton Act." SOI at 5-6 (*citing United States v. Marine Bancorporation, Inc.*, 418 U.S. 602, 618 (1974) ("Determination of the relevant product and geographic markets is 'a necessary predicate' to deciding whether a merger contravenes the Clayton Act."); *see also see Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 783 (9th Cir. 2015) (same, *quoting Marine Bancorporation*).) Although Plaintiffs point to a nearly two-decade old DOJ trial brief on the subject that predates the cited Ninth Circuit caselaw, *see* Pl. Br. at 2, Plaintiffs do not identify Supreme Court or Ninth Circuit caselaw that is contrary to the Department's statement in its brief. Nor does the SOI "conflict[] with. . . current public guidance on mergers," as evidenced by the very excerpts quoted by Plaintiffs. *See, e.g.*, Pl. Br. at 2 (quoting Merger Guidelines that merger analysis "need not *start* with market definition. *Some of the analytical tools* used by the Agencies to assess competitive effects do not rely on market definition, although *evaluation of competitive alternatives available to customers is always necessary at some point in the analysis*" (emphases added).) In any event, this case does not present an occasion to decide whether market definition is necessary in every Section 7 matter, as Plaintiffs (dispositively) fail to allege adequately that Defendants' aggregation of patents led to a reduction in competition, a necessary step under Section 1 and Section 7. *See* SOI at Part III.B. This failure is, at the least, informed by the failure to plead a relevant market in which an impact on competition can be assessed. *See* SOI at Part III.A.

*Second*, Plaintiffs misunderstand (or ignore) the Department's express nuances to wrongly accuse it of inconsistency. The purported inconsistency relates to whether Plaintiffs adequately allege the aggregation of patents meaningfully affected competition. The SOI clearly argues throughout that they did not, as the conclusory allegations of elimination of substitutes did not suffice to state a claim. *See* SOI at Parts III.A & III.B. The SOI also made the

conditional point that "[i]f the complaint were held to allege adequately the elimination of competition through acquisition or agreement, then such challenged conduct would not be exempt from antitrust enforcement under *Noerr-Pennington*." SOI at 18-19; *see also* SOI at 18 ("For the reasons described above, the United States does not believe it is necessary to reach this issue [*Noerr-Pennington*] here as the federal antitrust claims fail for independent reasons.").[1] The SOI is thus consistent: Plaintiffs' conclusory allegations do not adequately allege that aggregation of patents led to the elimination of substitutes or any other reduction of competition; if the Court disagrees, however, *Noerr-Pennington* immunity should not apply to such claims.

\* \* \*

Respectfully submitted,

MAKAN DELRAHIM
Assistant Attorney General

DAVID L. ANDERSON
United States Attorney

WILLIAM J. RINNER
Senior Counsel and Chief of Staff to the
Assistant Attorney General

MICHAEL F. MURRAY
Deputy Assistant Attorney General

DANIEL E. HAAR
ANDREW N. DELANEY
Attorneys

Dated:  April  23, 2020              /s/ Andrew DeLaney
                                     ANDREW N. DeLANEY

Attorneys for the United States of America

---

[1] The Department recognizes the distinction Plaintiffs highlight between aggregation and post-aggregation unilateral conduct. *See* Pl. Br. at 3. Plaintiffs' actual allegations (as opposed to the characterization of their allegations) focus almost exclusively on unilateral conduct properly analyzed under Section 2 of the Sherman Act, as noted by the SOI. *See* SOI at Part III.C.