1 | JENKS IP LAW PLLC
2 | William Jenks (SBN 212,609)
  | 1629 K St NW, Suite 300
3 | Washington DC 20016
  | Telephone: (202) 412-7964
4 |
5 | Attorney for Amici Curiae

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTEL CORPORATION and APPLE INC., | Case No. 3:19-cv-07651-EMC |
| Plaintiffs, | |
| v. | **NOTICE OF MOTION AND MOTION OF UNIFIED PATENTS, LLC AND CABLELABS FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., IXI IP, LLC, and SEVEN NETWORKS, LLC | Hon. Edward M. Chen |
| Defendants. | |

**TO THE HONORABLE COURT AND ATTORNEYS OF RECORD:**

Please take notice that amici move for leave to file the accompanying amicus brief in the captioned case in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss. *See* Dkt. No. 208. Amici do not seek oral argument on this motion. Amici attach the proposed brief (#1) and a proposed order (#2).

**I. In the Northern District Leave To File Amicus Briefs Is Freely Given**

There is no rule addressing amicus briefs in the Northern District. Whether to grant leave to file is within the court's discretion. *See Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003). But district courts, including this court, "'frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *California v. Azar*, No. 19-cv-01184-EMC, 2019 WL 2029066, *1 (N.D. Cal. May 8, 2019) (quoting *Sonoma*, 272 F. Supp. 2d at 925).

Here, the court should grant leave. Amici can satisfy both prongs of the guidance provided by *Sonoma* and *Azar*. First, the issues here have ramifications beyond the parties involved. The court is tasked with deciding whether the mass aggregation of patents can be an antitrust violation. The scope of antitrust laws in the context of patent aggregation is of importance beyond the parties. It will determine whether operating companies have an antitrust defense when threatened with multiple litigations by an entity that has accumulated perhaps thousands of patents. It may also shape the continued growth of patent assertion entities ("PAEs").

Second, amici have a broad perspective on these issues and unique information that can assist the court.

Unified Patents LLC is a membership organization dedicated to deterring patent assertion entities from extracting nuisance settlements from operating companies based on patents that are likely invalid before the district courts and unpatentable before the Patent and Trademark Office

("PTO").  Unified's more than 250 members are Fortune 500 companies, start-ups, automakers, industry groups, cable companies, banks, manufacturers, and others dedicated to reducing the drain on the U.S. economy of now-routine baseless litigations asserting infringement of patents of dubious validity.

Unified studies the ever-evolving business models, financial backings, and practices of PAEs.  *See, e.g.*, Jonathan Stroud, *Pulling Back the Curtain on Complex Funding of Patent Assertion Entities*, 12.2 Landslide 20 (Nov./Dec. 2019).  Unified monitors ownership data, secondary-market patent sales, demand letters, post-grant procedures, and patent litigation to track PAE activity.  *See, e.g.*, Unified Patents, *2019 Litigation Annual Report available at* https://portal.unifiedpatents.com/litigation/annual-report.

Unified also files post-grant petitions challenging PAE patents it believes are unpatentable or invalid.  In 2019, Unified was the fifth most frequent petitioner before the PTO's Patent Trial and Appeal Board ("PTAB"), and it was by far the leading third-party filer.

CableLabs is a non-profit non-stock company qualified under the National Cooperative Research and Production Act. CableLabs has over 60 member companies worldwide, including members who represent approximately 85% of U.S. cable subscribers. The cable industry supports over 2.9 million jobs and contributes $421 billion to the U.S. economy.

CableLabs' members have faced numerous PAE suits.  They understand PAE litigation, the evolving PAE business model, and the uncertainty caused by the opaque use of third-party funds to establish and invigorate PAE shell companies.

Amici are concerned with the role mass patent aggregators like Fortress have taken in bolstering the PAE model and in driving the widespread assertion of low-quality patents under dubious infringement theories.  Amici previously filed a brief to detail the evolving business models, capitalization sources, and strategies of PAEs like Defendants and place those practices in the antitrust context.  See Amicus Brief of Unified Patents et al., Dkt. No. 145-1.  Here, amici write to show the objective weakness of the patents in Defendants' massive portfolio.

## II. The Proposed Amicus Brief Complies with General Court Standards

While the Northern District does not have specific guidelines for amicus briefs. Amici have prepared their brief in compliance with amici rules in other venues. *See, e.g.*, Fed. R. App. Proc. 29(a); Rules of the U.S. District Court for the District of Columbia, Local Civil Rule 7(o) (July 2019) *available at* https://www.dcd.uscourts.gov/sites/dcd/files/LocalRulesJuly_2019.pdf ("D.C. Local R. 31(o)").

This protects the parties by ensuring the brief is timely and of an appropriate length. Compliance further ensures that the court has sufficient time to review all briefing should it grant leave to file.

1. Consent has been sought, by email, from counsel for Plaintiffs and counsel for Defendants. Plaintiffs consent to the filing of this brief. Defendants do not consent.
2. Amicus counsel authored the brief. No party or party counsel authored the brief in whole or in part. *See* Fed. R. App. Proc. 29(a)(4).
3. No party or party's counsel has contributed to the cost of this brief. *Id.*
4. No person other than amici contributed money to fund this brief. *Id.*
5. The proposed amicus brief is timely. The FRAP rules allow amici <u>seven days</u> to file after the principal brief of the party they support. *Id.* The rules of the District of Columbia require that the motion be filed "such that it does not unduly delay the court's ability to rule on any pending matter." This motion supporting Plaintiffs is filed with brief on Nov. 3, 2020. Seven days after Plaintiffs' Opposition was filed on Oct. 27, 2020. Defendants' Reply is due Nov. 17, 2020. Dkt. No. 196 at 1. The hearing on Defendants' motion is set for Dec. 17, 2020. *Id.* That affords the Defendants time to respond and the court time to review before the Reply and hearing, respectively.
6. The amicus brief has the appropriate length. At 8 pages, it does not exceed 25 pages. *See* D.C. Local R. 31(o). The amicus brief is likewise less than one-half the

3
Motion of Unified Patents et al.
for Leave to File Amicus Brief (3:19-cv-07651-EMC)

length of the 40-page principal briefs the parties are allowed.  *See* FRAP 29(a)(5); Order, Dkt. No. 202 (Sep. 10, 2020).

## CONCLUSION

Amici bring unique perspective and experience to the issues before the Court.  No party will be prejudiced by the brief, and the Court will not be overburdened. The Court should grant leave to file.

Respectfully submitted,

Nov. 3, 2020

/s/ William Jenks
William Jenks (SBN 212,609)
JENKS IP LAW PLLC
1629 K St NW, Suite 300
Washington DC 20016
Telephone: (202) 412-7964

Attorney for *Amici Curiae*