IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
A. Matthew Ashley (SBN 198235)
Michael D. Harbour (SBN 298185)
Lucas Oxenford (SBN 328152)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: mashley@irell.com
Email: mharbour@irell.com
Email: loxenford@irell.com

*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC,
VLSI TECHNOLOGY LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTEL CORPORATION and APPLE INC., | Case No. 3:19-cv-07651-EMC |
| Plaintiffs, | **DECLARATION OF MICHAEL D. HARBOUR IN SUPPORT OF INTEL CORPORATION AND APPLE INC.'S ADMINISTRATIVE MOTION TO FILE SECOND AMENDED COMPLAINT UNDER SEAL [DKT. NO. 235]** |
| v. | |
| FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., DSS TECHNOLOGY MANAGEMENT, INC., and IXI IP, LLC | |
| Defendants. | |

I, Michael D. Harbour, declare as follows:

1. I am an attorney at law, admitted to practice in the United States District Court, Northern District of California, and I am a partner with the law firm of Irell & Manella LLP, counsel for defendant VLSI Technology LLC ("VLSI") in this matter. I have personal knowledge of each fact stated in this declaration, and, if called as a witness, I could and would competently and truthfully testify thereto.

2. I submit this declaration in support of Intel Corporation and Apple Inc.'s (collectively "Plaintiffs") Administrative Motion to File Second Amended Complaint ("SAC") Under Seal.

3. Plaintiffs' SAC contains information that VLSI produced pursuant to a protective order in a litigation pending in the District of Delaware. *VLSI Technology LLC v. Intel Corporation*, Case No. 1:18-cv-00966-CFC-CJB (the "Delaware Action"). VLSI designated this information as "Confidential" and "Outside Counsel Eyes Only." This designated information consists of the following:

- Information contained in a confidential Patent Purchase and Cooperation Agreement ("PPCA") between VLSI and several non-parties to this litigation; this information is disclosed on (1) page 26, paragraph 76, line numbers 23-24; (2) page 27, paragraphs 76-77, line numbers 1-25; (3) page 99, paragraph 272, line numbers 1-2; (4) page 100, paragraph 275, line numbers 21-22; (5) page 121, paragraph 346, line numbers 7-9; and (6) Exhibit A to the Second Amended Complaint, pages 6 and 9, "Pre-Aggregation Market Data" column.

- Information relating to VLSI's confidential damages contentions; this information is disclosed on (1) page 100, paragraph 274, line numbers 13-18, and (2) Exhibit A to the Second Amended Complaint, page 6, "Post-Aggregation Demand" column.

4. Intel Corporation ("Intel") sought relief from the protective order in the Delaware Action so that it could include this information in the SAC it has filed in the present matter. In seeking this relief, Intel agreed that it would file this information under seal. Declaration of Mark

D. Selwyn (Dkt. No. 235-1) ¶¶ 11, 13.  The court in the Delaware Action granted Intel's request based in part on these representations.  *VLSI Technology LLC v. Intel Corporation*, Case No. 1:18-cv-00966-CFC-CJB, Dkt. No. 693.

5. The information identified above constitutes VLSI's confidential and proprietary trade secrets, the disclosure of which would cause VLSI competitive harm.  *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("[C]ompelling reasons" exist to seal court records when the records might be used "as sources of business information that might harm a litigant's competitive standing.") (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)).  Accordingly, in another litigation between VLSI and Intel, a court in this district granted VLSI's request to seal similar information relating to the PPCA and VLSI's patent damages contentions in that action.  *VLSI Technology LLC v. Intel Corporation*, Case No. 5:17-cv-05671-BLF, Dkt. No. 257.  VLSI respectfully requests that this Court do the same.

6. First, the PPCA contains confidential information regarding the terms of an IP purchase agreement and business arrangement between VLSI and other parties.  The Ninth Circuit has held that such confidential deal terms constitute valuable trade secrets that warrant protection.  *See In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008) ("[P]ricing terms, royalty rates, and guaranteed minimum payment terms . . . plainly fall[] within the definition of 'trade secrets.'").  Disclosure of the PPCA would thus pose a serious risk of competitive harm to VLSI (as well as the other non-parties to that agreement) by giving other companies information about VLSI's purchase terms that they could then employ to their own unfair commercial advantage.  This is why VLSI takes steps to ensure that this information remains confidential, including by designating this information as "Outside Counsel Eyes Only" in the Delaware Action and other litigations.

7. Second, information regarding VLSI's damage contentions in the Delaware Action are likewise confidential trade secrets.  These contentions reflect VLSI's confidential patent valuations, and public exposure of these materials could negatively impact VLSI's "competitive standing." *Nixon*, 435 U.S. at 598.  For example, VLSI may seek to license its patent portfolio to

1  other companies, and disclosure of its proprietary methods and analyses could interfere with or
2  prejudice VLSI during that process.
3       I declare under penalty of perjury under the laws of the United States of America that the
4  foregoing is true and correct to the best of my knowledge.
5       Executed on March 12, 2021, at Los Angeles, California.

By:   */s/ Michael D. Harbour*
       Michael D. Harbour