IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
Michael D. Harbour (SBN 298185)
Lucas S. Oxenford (SBN 328152)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: mharbour@irell.com
Email: loxenford@irell.com

A. Matthew Ashley (SBN 198235)
Olivia L. Weber (SBN 319918)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200
Email: mashley@irell.com
Email: oweber@irell.com

*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC,
VLSI TECHNOLOGY LLC

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION and APPLE INC., <br><br> Plaintiffs, <br><br> v. <br><br> FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., and IXI IP, LLC, <br><br> Defendants. | Case No. 3:19-cv-07651-EMC <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR JOINT MOTION TO DISMISS AND STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Hon. Edward M. Chen |

10937896

DEFS' REQUEST FOR JUDICIAL NOTICE ISO THEIR
JOINT MOTION TO DISMISS AND STRIKE PLFS' SECOND
AMENDED COMPLAINT
Case No. 3:19-cv-07651-EMC

1  Defendants Fortress Investment Group LLC ("Fortress), Fortress Credit Co. LLC
2 ("Fortress Credit"), Uniloc 2017 LLC ("Uniloc 2017"), Uniloc USA, Inc. ("Uniloc USA"), Uniloc
3 Luxembourg S.a.r.l. ("Uniloc Luxembourg"), VLSI Technology LLC ("VLSI"), INVT SPE LLC
4 ("INVT"), Inventergy Global, Inc. ("Inventergy"), and IXI IP, LLC ("IXI" and collectively,
5 "Defendants") have moved to dismiss and to strike the Second Amended Complaint ("SAC") of
6 Plaintiffs Apple Inc. ("Apple") and Intel Corporation ("Intel" and collectively, "Plaintiffs").  In
7 support of their Motion, Defendants request that the Court take judicial notice of certain public
8 records maintained by the United States Patent and Trademark Office ("USPTO"), various court
9 and administrative decisions, and other documents incorporated by reference into the SAC.

## ARGUMENT

In ruling on a motion to dismiss under Rule 12(b)(6), "courts must consider . . . matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).  A fact is judicially noticeable if it is "not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). Here, Defendants seek judicial notice of three categories of documents:  (1) publicly available records of the USPTO; (2) administrative decisions in the allegedly "meritless" infringement actions; and (3) Intel's filing in another matter.

Additionally, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs*, 551 U.S. at 322.  "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  Documents relied on by a complaint can be incorporated by reference even when the complaint "does not attach the document itself." *TSI USA LLC v. Uber Techs., Inc*., No. 17-CV-03536-HSG, 2018 WL 4638726, at *2 n.3 (N.D. Cal. Sept. 25, 2018).  Defendants seek to incorporate by reference certain documents on which Plaintiffs' complaint relies.

**I.  THE RECORDS OF THE USPTO ARE JUDICIALLY NOTICEABLE**

Records maintained by the USPTO are judicially noticeable because these records are publicly available and "not subject to reasonable dispute." *Balance Studio, Inc. v. Cybernet Ent.,*

1  *LLC*, No. 15-CV-04038-DMR, 2016 WL 1559745, at *1, n.3 (N.D. Cal. Apr. 18, 2016) (taking
2  notice of USPTO records); *see also Khoja*, 899 F.3d at 1001 (noting that courts can take notice of
3  "patent application[s]"); *Klang v. Pflueger*, 2014 WL 4922401, at *1 (C.D. Cal. July 10, 2014)
4  (taking judicial notice of USPTO patent assignment records and the patents at issue "because they
5  are public records"). This Court previously took notice of, and relied on, certain USPTO records
6  in its Order Dismissing Plaintiffs' Original Complaint. *See* Dkt. 187 (herein, "1st Order") at 14:9-
7  23. Moreover, Plaintiffs did not oppose Defendants' prior request to take notice of these
8  materials.

Defendants seek judicial notice of two categories of USPTO records.

First, Defendants seek judicial notice of 20 patents on which the SAC relies:

- U.S Patent No. 7,653,508, an alleged complement patent in the "Generating Alerts Based on Blood Oxygen Level" market. *See* SAC Ex. A at 11-13. The word "oxygen" does not appear anywhere in the patent. *See* Ex. 1.[1]

- U.S Patent No. 7,690,556, an alleged complement patent in the "Generating Alerts Based on Blood Oxygen Level" market. *See* SAC Ex. A at 11-13. The word "oxygen" does not appear anywhere in the patent. *See* Ex. 2.

- U.S Patent No. 7,881,902, an alleged complement patent in the "Generating Alerts Based on Blood Oxygen Level" market. *See* SAC Ex. A at 11-13. The word "oxygen" does not appear anywhere in the patent. *See* Ex. 3.

- U.S Patent No. 8,712,723, an alleged complement patent in the "Generating Alerts Based on Blood Oxygen Level" market. *See* SAC Ex. A at 11-13. The word "oxygen" does not appear anywhere in the patent. *See* Ex. 4.

- U.S Patent No. 8,872,646, an alleged complement patent in the "Generating Alerts Based on Blood Oxygen Level" market. *See* SAC Ex. A at 11-13. The word "oxygen" does not appear anywhere in the patent. *See* Ex. 5.

---

[1] Exhibits 1-23 are exhibits to the Declaration of Lucas S. Oxenford, filed concurrently. Exhibits 24-25 are exhibits to the Declaration of Christopher A. Seidl, also filed concurrently.

- U.S Patent No. 9,712,986, an alleged substitute patent in the "Mobile Device-to-Device Communication Through Network-Coupled Intermediary Device" market. *See* SAC Ex. A at 3-5. The patent is directed at helping service providers who do not have their own cellular service network (such as mobile virtual network operators who buy bandwidth from national carriers). *See* Ex. 6.

- U.S Patent No. 7,299,008, an alleged substitute patent in the "Mobile Device-to-Device Communication Through Network-Coupled Intermediary Device" market. *See* SAC Ex. A at 3-5. The patent is directed at allowing multiple phones to connect to a "hands free car kit" via Bluetooth or Wi-Fi. *See* Ex. 7.

- U.S Patent No. 7,523,331, an alleged complement patent in the "Preventing Stalls for Cache Misses" market. *See* SAC Ex. A at 5-7. The patent is direct at operating an apparatus in a low power mode to minimize power consumption. *See* Ex. 8.

- U.S Patent No. 7,434,009, an alleged substitute patent in the "Preventing Stalls for Cache Misses" market. *See* SAC Ex. A at 5-7. The patent relates to writing data to a cache memory in "bursts" in order to handle multiple cache misses. *See* Ex. 9.

- U.S Patent No. 6,058,437, an alleged substitute patent in the "Preventing Stalls for Cache Misses" market. *See* SAC Ex. A at 5-7. The patent relates to the use of a "Translation Lookaside Buffer" that keeps track of data location in a shared memory and increases the efficiency of the cache. *See* Ex. 10. The patent is expired, as the issue date (May 2, 2000) was over 20 years ago. *See id*.

- U.S Patent No. 6,856,616, an alleged substitute patent in the "Third-party Device Authorization Through Limitation of Information Exchanged" market. *See* SAC Ex. A at 8-11. The patent "provides a way for users to make brand new telephones usable without having to wait for days while the telephone company programs an account." *See* Ex. 11.

- U.S Patent No. 9,286,466, an alleged complement patent in the "Third-party Device Authorization Through Limitation of Information Exchanged" market. *See* SAC Ex. A at 8-11. The patent describes a system where, instead of a user entering

1   a password to access a computer, the computer connects with an external electronic
2   device (such as a cellphone, printer, or digital camera) which provides a "digital
3   skeleton key" to authenticate the user and grant access to the computer. *See* Ex. 12.

4   - U.S Patent No. 7,606,983, an alleged substitute patent in the "Arbitrating Multiple
5     Requests to Access a Memory Bus" market. *See* SAC Ex. A at 7-8. The patent is a
6     specific method for determining when memory requests can be sent in different
7     orders than when they were received. *See* Ex. 13 ("The controller receives the
8     access requests from each processor, determines a performance order for the
9     requests, and provides the access requests to the memory in the performance
10    order.").

11  - U.S Patent No. 5,659,687, an alleged substitute patent in the "Arbitrating Multiple
12    Requests to Access a Memory Bus" market. *See* SAC Ex. A at 7-8. The patent is
13    focused on ensuring that requests are accepted in the exact same order in which
14    they arrived. *See* Ex. 14 ("The queues are multi-staged in order to sequentially
15    accept the memory request from the network…"). The patent is expired, as the
16    issue date (August 19, 1997) was over 20 years ago. *See id.*

17  - U.S Patent No. 8,769,296, an alleged substitute patent in the "Remote Enabling and
18    Disabling of Software Components" market. *See* SAC Ex. A at 15-16. The patent
19    is directed to detecting and preventing the spread of cracked computer software,
20    which results from a hacker disabling copyright protection features. *See* Ex. 15.

21  - U.S Patent No. 5,579,222, an alleged substitute patent in the "Remote Enabling and
22    Disabling of Software Components" market. *See* SAC Ex. A at 15-16. The patent
23    is directed to a concurrent licensing system which is where an entity purchases a
24    license to a product with a limitation on the number of simultaneous users. *See* Ex.
25    16. The patent is expired. It was filed on December 14, 1992 and issued on
26    November 26, 1996. *See id.* Because the application was filed prior to June 8,
27    1995, the patent had a 17-year term, starting from the issue date, and expired on
28    November 26, 2013. *See* MPEP § 2701; 35 U.S.C. 154.

- U.S Patent No. 7,220,220, an alleged substitute patent in the "Generating Alerts Based on Blood Oxygen Level" market. *See* SAC Ex. A at 11-13. The patent is expired. It is a divisional patent claiming priority to an application filed on November 9, 1999, with a 90-day term extension. Even accounting for this extension, the 20 year term has passed. *See* Ex. 17.

- U.S Patent No. 6,736,759, an alleged substitute patent in the "Generating Alerts Based on Blood Oxygen Level" market. *See* SAC Ex. A at 11-13. The patent is expired, as the filing date (November 9, 1999) was over 20 years ago, and there was no term extension. *See* Ex. 18.

- U.S Patent No. 6,215,403, an alleged substitute patent in the "Generating Alerts Based on Blood Oxygen Level" market. *See* SAC Ex. A at 11-13. The patent is expired, as the filing date (January 27, 1999) was over 20 years ago, and there was no term extension. *See* Ex. 19.

- U.S Patent No. 8,995,433, an alleged substitute patent in the "Network-based Voice Messaging" market. *See* SAC Ex. A at 1-2. The patent is a continuation of three of the other alleged substitute patents in the market (U.S. Patent Nos. 7,535,890, 8,243,723, and 8,724,622). *See id*; Ex. 20.

Courts routinely take judicial notice of patents. *See, e.g.*, *Klang*, 2014 WL 4922401, at *1 (Patents "are proper subjects for judicial notice under Federal Rule of Evidence 201."); *GeoVector Corp. v. Samsung Elecs. Co.*, 234 F. Supp. 3d 1009, 1016, n.2 (N.D. Cal. 2017) ("The Korean Patent is also the proper subject of judicial notice as it is part of a publicly available government record."). Moreover, because the SAC relies on these patents, they are also "incorporated by reference," and the Court may consider them on this basis as well. *GeoVector Corp.*, 234 F. Supp. 3d at 1016.

10937896 - 5 -

DEFS' REQUEST FOR JUDICIAL NOTICE ISO THEIR JOINT MOTION TO DISMISS AND STRIKE PLFS' SECOND AMENDED COMPLAINT
Case No. 3:19-cv-07651-EMC

<u>Second</u>, Defendants seek judicial notice of searches within the USPTO's Patent Full-Text and Image Database ("PaFT Database").[2]  A search of the PaFT database demonstrates the following:

- The USPTO has issued 219 patents since January 1, 2000 containing some variation of the words "cache," "miss," and "stall" within the claims.  *See* Oxenford Decl. ¶ 23; Ex. 21 at 2-3.
- The USPTO has issued 1,639 patents since January 1, 2000 containing some variation of the phrase "voice message" and some variation of the word "network" within the claims.  *See* Oxenford Decl. ¶ 24; Ex. 21 at 4-5.

The Court previously took notice of, and relied on, searches of the USPTO PaFT Database.  1st Order at 14:9-23.  It should do the same here.

## II. THE PROCEEDINGS OF ADMINISTRATIVE AGENCIES ARE JUDICIALLY NOTICEABLE

It is well established that courts may take judicial notice of decisions made by administrative agencies.  *See Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207, n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies.").  This includes decisions by the Patent Trial and Appeal Board ("PTAB") on whether to institute *inter partes* review.  *See, e.g.*, *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 15-CV-03295-BLF, 2016 WL 7732542, at *1, n.1 (N.D. Cal. July 25, 2016) ("The Court takes judicial notice of the PTAB's decisions on whether to institute IPR for these patents.").  It also includes final written decisions rendered by the PTAB. *See, e.g.*, *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *1, n.1 (N.D. Cal. Mar. 9, 2016) (taking "judicial notice of the Final Written Decision of the Patent Trial and Appeal Board.").

As explained in Defendants' Motion, the SAC repeatedly alleges that Defendants' patents are "weak" and that Defendants' lawsuits are "meritless."  *See, e.g.*, SAC ¶¶ 2, 14-15, 34, 38, 42-

---

[2] http://patft.uspto.gov/netahtml/PTO/search-adv.htm.

43, 47, 108, 114, 126, 443-44. Accordingly, Defendants seek judicial notice of the following decisions issued by the PTAB either denying Plaintiffs' request for *inter partes* review on Defendants' patents or upholding the validity of the claims in a Final Written Decision:

- *Apple Inc. et al v. IXI IP, LLC*, No. IPR2015-01442 (P.T.A.B. Dec. 30, 2015);
- *Apple Inc. v. Uniloc Luxembourg S.A*, *et al.*, No. IPR2017-00220 (P.T.A.B. May 25, 2017);
- *Apple Inc. v. Uniloc Luxembourg S.A*, *et al.*, No. IPR2017-00223 (P.T.A.B. May 25, 2017);
- *Apple Inc. v. Uniloc Luxembourg S.A*, *et al.*, No. IPR2017-00224 (P.T.A.B. May 25, 2017);
- *Apple Inc. et al. v. Uniloc Luxembourg S.A*, *et al.*, No. IPR2017-00225 (P.T.A.B. May 23, 2018);
- *Apple Inc. v. Uniloc Luxembourg S.A.*, No. IPR2017-01804 (P.T.A.B. Jan. 19, 2018);
- *Apple Inc. v. Uniloc Luxembourg S.A.*, No. IPR2017-01805 (P.T.A.B. Jan. 19, 2018);
- *Apple Inc. v. Uniloc Luxembourg S.A.*, No. IPR2017-01914 (P.T.A.B. Mar. 1, 2018);
- *Apple Inc. v. Uniloc 2017 LLC et al.*, No. IPR2017-01993 (P.T.A.B. Mar. 6, 2019);
- *Apple Inc. v. Uniloc Luxembourg S.A.*, No. IPR2017-02041 (P.T.A.B. Mar. 8, 2018);
- *Apple Inc. v. Uniloc Luxembourg S.A.*, No. IPR2017-02202 (P.T.A.B. May 1, 2018);
- *Apple Inc. v. Uniloc Luxembourg S.A.*, No. IPR2018-00420 (P.T.A.B. Aug. 6, 2018);
- *Apple Inc. v. Uniloc Luxembourg S.A.*, No. IPR2018-01026 (P.T.A.B. Oct. 18, 2018);
- *Apple Inc. v. Uniloc Luxembourg S.A.*, No. IPR2018-01027 (P.T.A.B. Oct. 18, 2018);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2018-01038 (P.T.A.B. Dec. 4, 2018);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2018-01040 (P.T.A.B. Feb. 12, 2020);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2018-01107 (P.T.A.B. Feb. 10, 2020);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2018-01296 (P.T.A.B. Apr. 11, 2019);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2018-01312 (P.T.A.B. Feb. 19, 2020);
- *Apple Inc. et al. v. INVT SPE LLC*, No. IPR2018-01473 (P.T.A.B. Mar. 25, 2020);
- *Apple Inc. et al. v. INVT SPE LLC*, No. IPR2018-01474 (P.T.A.B. Mar. 5, 2019);

1
- *Apple Inc. et al. v. INVT SPE LLC*, No. IPR2018-01477 (P.T.A.B. Mar. 7, 2019);

2
- *Apple Inc. et al. v. INVT SPE LLC*, No. IPR2018-01478 (P.T.A.B. Feb. 19, 2019);

3
- *Apple Inc. et al. v. INVT SPE LLC*, No. IPR2018-01555 (P.T.A.B. Feb. 28, 2020);

4
- *Apple Inc. et al. v. INVT SPE LLC*, No. IPR2018-01581 (P.T.A.B. Feb. 28, 2020);

5
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2018-01661 (P.T.A.B. Feb. 26, 2020);

6
7
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-00034 (P.T.A.B. Apr. 11, 2019);

8
- *Apple Inc. v. Uniloc 2017 LLC*, No. IPR2019-00056 (P.T.A.B Apr. 29, 2019);

9
- *Apple Inc. v. IXI IP, LLC*, No. IPR2019-00124 (P.T.A.B June 3, 2019);

10
- *Apple Inc. v. IXI IP, LLC*, No. IPR2019-00125 (P.T.A.B June 3, 2019);

11
- *Apple Inc. v. IXI IP, LLC*, No. IPR2019-00139 (P.T.A.B June 3, 2019);

12
- *Apple Inc. v. IXI IP, LLC*, No. IPR2019-00140 (P.T.A.B June 3, 2019);

13
- *Apple Inc. v. IXI IP, LLC*, No. IPR2019-00141 (P.T.A.B June 3, 2019);

14
- *Apple Inc. v. IXI IP, LLC*, No. IPR2019-00181 (P.T.A.B June 3, 2019);

15
- *Apple Inc. et al. v. Uniloc 2017 LLC*, No. IPR2019-00220 (P.T.A.B May 9, 2019);

16
- *Apple Inc. v. Uniloc 2017 LLC*, No. IPR2019-00258 (P.T.A.B. July 2, 2019);

17
- *Apple Inc. v. Uniloc 2017 LLC*, No. IPR2019-00259 (P.T.A.B. June 27, 2019);

18
- *Apple Inc. v. Uniloc 2017 LLC*, No. IPR2019-00753 (P.T.A.B. Sept. 16, 2019);

19
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-01196 (P.T.A.B. Jan. 7, 2020);

20
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-00106 (P.T.A.B. May 5, 2020);

21
22
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-00112 (P.T.A.B. May 19, 2020);

23
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-00113 (P.T.A.B. May 19, 2020);

24
25
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-00114 (P.T.A.B. May 19, 2020);

26
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-00141 (P.T.A.B. June 4, 2020);

27
28
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-00142 (P.T.A.B. June 4, 2020);

- *Intel Corporation v. VLSI Technology LLC*, No. IPR2019-00158 (P.T.A.B. May 19, 2020);
- *Apple Inc., v. Seven Networks, LLC*, No. IPR2020-00189 (P.T.A.B. June 11, 2020);
- *Apple Inc., v. Seven Networks, LLC*, No. IPR2020-00281 (P.T.A.B. Aug. 14, 2020);
- *Apple Inc., v. Seven Networks, LLC*, No. IPR2020-00425 (P.T.A.B. Sept. 1, 2020);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2020-00498 (P.T.A.B. Aug. 19, 2020);
- *Apple, Inc. v. Seven Networks, LLC*, No. IPR2020-00507 (P.T.A.B. Sept. 1, 2020);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2020-00526 (P.T.A.B. Aug. 18, 2020);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2020-00498 (P.T.A.B. Aug. 18, 2020);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2020-00582 (P.T.A.B. Oct. 1, 2020);
- *Intel Corporation v. VLSI Technology LLC*, No. IPR2020-00583 (P.T.A.B. Oct. 5, 2020);
- *Apple Inc. v. Uniloc 2017 LLC*, No. IPR2020-00854 (P.T.A.B October 28, 2020).

## III.   INTEL'S FILING IN A RELATED MATTER IS JUDICIALLY NOTICABLE

Courts may also take judicial notice of the positions that a party has taken in another litigation. *See, e.g.*, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 & n.9 (9th Cir. 2012) ("The district court did not abuse its discretion by taking judicial notice of [other court] filings" where "[t]here was no dispute about the contents or about the statements from those filings."); *United States v. Sullivan*, 700 F. App'x 766, 767, n.2 (9th Cir. 2017) (taking judicial notice of brief filed in another appeal); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 743, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record. . . . While some of these documents are filed under seal, they nonetheless are readily verifiable and, therefore, the proper subject of judicial notice."). Here, the Court should take judicial notice of Intel's filing in an ongoing patent litigation action with VLSI.

The SAC cites VLSI's damages expert's report from *VLSI Technology LLC v. Intel Corporation*, 1:18-cv-00966-CFC-CJB (D. Del.) (the "Delaware Action") to support the allegation that VLSI "believes" U.S Patent No. 7,523,331, which is allegedly part of the "Preventing Stalls for Cache Misses" market, has significant value. SAC ¶ 274. Accordingly, Defendants seek

judicial notice of Intel's position in that same case regarding the value of the '331 patent as reflected in the excerpted portions of paragraphs 147, 149, and 1227 from the report of Intel's rebuttal damages expert in the Delaware Action, Hance Huston.  *See* Ex. 22.

## IV.  THIS COURT SHOULD CONSIDER DOCUMENTS INCORPORATED BY REFERENCE INTO THE SAC

The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja,* 899 F.3d at 1002.  Where a document is incorporated by reference into a complaint, the court may treat such a document as part of the complaint and "may assume [its] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id*. at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Defendants seek notice of the following documents incorporated by reference into the SAC:

- **VLSI/NXP B.V. Agreement** – Plaintiffs' allegations involve Defendant VLSI's litigation damage demands for U.S Patent No. 7,523,331, and the price at which VLSI purchased it and other patents from NXP B.V. pursuant to a written contact.  *See* SAC ¶¶ 76-77, 274-275.  Defendants seek notice of portions of that contract.  *See* Ex. 23.

- **Inventergy and INVT Licensing Letters** – To support their allegations against Defendants Inventergy and INVT, Plaintiffs rely on two negotiation letters sent by these two Defendants to Plaintiff Apple:  (1) a January 2015 letter from Inventergy; and (2) a June 2018 letter from INVT.  *See* Exs. 24-25.  Defendants seek notice of those two letters.

## V.  CONCLUSION

For the reasons stated above, the Court should grant Defendants' request for judicial notice, as well as consider certain documents incorporated by reference into Plaintiffs' Second Amended Complaint.

| | | |
|---|---|---|
| 1 | Dated: April 26, 2021 | Respectfully submitted, |
| 2 | | IRELL & MANELLA LLP |

By: */s/ A. Matthew Ashley*
A. Matthew Ashley
*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC,
VLSI TECHNOLOGY LLC


*/s/ Christopher A. Seidl*
Christopher A. Seidl (*pro hac vice*)
CSeidl@RobinsKaplan.com
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612 349 8468
Facsimile: 612 339-4181
*Counsel for Defendants*
INVT SPE LLC
INVENTERGY GLOBAL, INC.


*/s/ Jason D. Cassady*
Jason D. Cassady (*pro hac vice*)
jcassady@caldwellcc.com
CALDWELL CASSADY & CURRY
2121 N. Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: 214 888-4841
Facsimile: 214-888-4849
*Counsel for Defendant*
IXI IP, LLC


*/s/ James J. Foster*
James J. Foster
jfoster@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617 456-8022
Facsimile: 617 456-8100
*Counsel for Defendant*
UNILOC 2017 LLC


*/s/ Daniel. R. Shulman*
Daniel R. Shulman (*pro hac vice*)
dan@shulmanbuske.com
SHULMAN & BUSKE PLLC

| | |
|---|---|
| 1 | 126 North Third Street, Suite 402 |
| | Minneapolis, MN 55401 |
| 2 | Telephone: 612 870 7410 |
| | *Counsel for Defendants* |
| 3 | UNILOC LUXEMBOURG S.A.R.L. |
| | UNILOC USA, INC |
| 4 | |
| 5 | */s/ Dean C. Eyler* |
| | Dean C. Eyler (*pro hac vice*) |
| 6 | dean.eyler@lathropgpm.com |
| | LATHROP GPM LLP |
| 7 | 500 IDS Center |
| | 80 South 8th Street |
| 8 | Minneapolis, MN 55402 |
| | Telephone: 612 632-3335 |
| 9 | Facsimile: 612 632-4000 |
| | *Counsel for Defendants* |
| 10 | UNILOC LUXEMBOURG S.A.R.L. |
| | UNILOC USA, INC |

10937896 - 12 -

DEFS' REQUEST FOR JUDICIAL NOTICE ISO THEIR
JOINT MOTION TO DISMISS AND STRIKE PLFS' SECOND
AMENDED COMPLAINT
Case No. 3:19-cv-07651-EMC

## ECF ATTESTATION

I, Lucas S. Oxenford, am the ECF user whose ID and password are being used to file DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR JOINT MOTION TO DISMISS AND STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT.  I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

By: */s/ Lucas S. Oxenford*

10937896 — - 13 -

DEFS' REQUEST FOR JUDICIAL NOTICE ISO THEIR JOINT MOTION TO DISMISS AND STRIKE PLFS' SECOND AMENDED COMPLAINT
Case No. 3:19-cv-07651-EMC