Christopher A. Seidl (*pro hac vice*)
CSeidl@RobinsKaplan.com
John K. Harting (*pro hac vice*)
JHarting@RobinsKaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-349-4181
*Counsel for Defendants*
INVT SPE LLC
INVENTERGY GLOBAL, INC.

*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION and APPLE INC., | Case No. 3:19-cv-07651-EMC |
| Plaintiffs, | |
| v. | **DEFENDANTS INVT SPE LLC AND INVENTERGY GLOBAL, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATED TO THEIR SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., and IXI IP, LLC, | |
| Defendants. | Hon. Edward M. Chen |

Pursuant to Civil L.R. 7-11 and 79-5, Defendants INVT SPE LLC ("INVT") and Inventergy Global, Inc. ("Inventergy") respectfully requests to file under seal portions of Defendants INVT SPE LLC and Inventergy Global, Inc.'s Supplemental Brief in Support of Defendants Joint Motion to Dismiss and to Strike Plaintiffs' Second Amended Complaint ("Supplemental Brief") and certain exhibits to the Declaration of Christopher A. Seidl ("Seidl Decl."). Specifically, INVT and Inventergy request an order granting leave to file under seal the documents as listed and identified below:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Supplemental Brief | Page 2, lines 12-13, 14-15, 24-page 3, lines 1, 2-4, 6-7, 7-9, 10-14, figure at lines 15-20, lines 21-22, figure at lines 23-27, page 4, lines 1-3 |
| Exhibit 24 to the Seidl Decl. | In its entirety |
| Exhibit 25 to the Seidl Decl. | In its entirety |

In support of this request, INVT and Inventergy submit this motion, the Declaration of Christopher A. Seidl, and a proposed order, which together establish compelling reason to protect the confidentiality of the information contained in the documents INVT and Inventergy wish to seal.

In filing this motion, INVT and Inventergy have reviewed and complied with the Civil Local Rule 79-5.

**I. Legal Standard**

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* Additionally, a party seeking to seal a document filed with the court generally must rebut the "strong presumption in favor of access" that applies to all documents other than grand jury transcripts and pre-indictment warrant materials. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

**II. Argument**

The Court should seal the documents identified by INVT and Inventergy as described in the

table above. The Northern District of California requires a showing of "compelling reasons" for sealing motions and attachments that are dispositive or "more than tangentially related to the merits of a case." *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018). Under Ninth Circuit law, the protection of trade secret information is a sufficiently compelling reason to justify sealing. In this context, the Ninth Circuit has adopted a broad definition of trade secrets: "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Lathrop v. Uber Techs., Inc.*, Case No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 190061, at *4 (N.D. Cal. May 3, 2016) (quoting *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)).

INVT and Inventergy seek to seal information that fits squarely within this definition, and has "narrowly tailored" its request to only seal the most critical information, thus preserving the public's right of access to non-sealable material. Specifically, INVT and Inventergy are seeking to seal extremely sensitive information relating to INVT and Inventergy's financial information, and business strategies and negotiations, which are all protectable as trade secrets.

The Northern District of California has previously found that these types of documents, many of which contain INVT and Inventergy's information subject to trade secrets, meet the "compelling reasons" standard for sealing. *See, e.g.*, *AAA of N. Cal. Nev. & Utah v. GM LLC*, Case No. 17-cv-03874-LHK, 2019 U.S. Dist. LEXIS 42978, at *6 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal information relating to contracts with third parties, financial information and projected profitability, and business plans and strategies, among other categories of information); *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, Case No. 14-cv-04050-MEJ, 2017 U.S. Dist. LEXIS 178658, at *15-16, *18, *22-23 (N.D. Cal. Oct. 27, 2017) (granting motions to seal to the extent they dealt with sensitive financial information such as sales, profits, costs, and margins); *TVIIM, LLC v. McAfee, Inc.*, Case No. 13-cv-04545-HSG, 2015 U.S. Dist. LEXIS 102121, at *4-5 (N.D. Cal. Aug. 4, 2015) (granting motion to seal "highly sensitive, product-specific financial information, including . . . profit margin, average sales price, and unit sales information" and explaining that such information constitutes trade secrets under Ninth Circuit law); *Opperman*

*v. Path, Inc.*, Case No. 13-cv-00453-JST, 2017 U.S. Dist. LEXIS 39060, at *19 (N.D. Cal. Mar. 9, 2017) (granting a motion to seal a document that "contains competitively sensitive financial information regarding Apple's advertising spending and revenue associated with particular apps"); *Johnson v. Quantum Learning Network, Inc.*, Case No. 15-cv-05013-LHK, 2016 U.S. Dist. LEXIS 111723, at *5 (N.D. Cal. Aug. 22, 2016) (granting motion to seal financial information of third parties "as well as sensitive financial information of Defendant that, if made public, could harm Defendant's business interests").

This Court has also previously sealed portions of the Plaintiffs' prior complaints that reference the information at issue in this motion. *See, e.g.*, Dkt. 238.

The requested relief sought is necessary and narrowly tailored to protect the confidentiality of the content of the Supplemental Brief and certain exhibits to the Seidl Decl. If INVT and Inventergy's confidential information became public, it would harm INVT and Inventergy by revealing their trade secrets, confidential internal business strategies, and confidential financial information. Allowing the public to view this information would cause competitive and financial harm to INVT and Inventergy. Thus, the Court should grant INVT and Inventergy's Administrative Motion to Seal.

**III. Conclusion**

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the above listed documents accompany this Administrative Motion. For the foregoing reasons, INVT and Inventergy respectfully request that the Court grant this motion.

Dated:  April 26, 2021

Respectfully submitted,

ROBINS KAPLAN LLP

By: */s/ Christopher A. Seidl*
     Christopher A. Seidl (*pro hac vice*)
     CSeidl@RobinsKaplan.com
     John K. Harting (*pro hac vice*)
     JHarting@RobinsKaplan.com
     Taylor Moore-Willis (*pro hac vice*)
     TMoore-Willis@RobinsKaplan.com
     **ROBINS KAPLAN LLP**
     800 LaSalle Avenue, Suite 2800
     Minneapolis, MN 55402
     Telephone:  612 349 8468
     Facsimile:  612 339-4181
     *Counsel for Defendants*
     INVT SPE LLC
     INVENTERGY GLOBAL, INC.

     Steven Carlson
     SCarlson@RobinsKaplan.com
     **ROBINS KAPLAN LLP**
     2440 West El Camino Real, Suite 100
     Mountain View, California 94040
     Telephone: (650) 784-4012
     Facsimile: (650) 784-4041

     William V. Reiss (*pro hac vice*)
     WReiss@RobinsKaplan.com
     **ROBINS KAPLAN LLP**
     399 Park Avenue. Suite 3600
     New York, NY 10022
     Telephone: 212-980-7400
     Facsimile: 212-980-7499

     *Counsel for Defendants*
     INVT SPE LLC
     INVENTERGY GLOBAL, INC.