**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

| | |
|---|---|
| WILMER CUTLER PICKERING  HALE AND DORR LLP<br>Mark D. Selwyn (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>Telephone: (650) 858-6000<br>Fax: (650) 858-6100<br><br>WILMER CUTLER PICKERING  HALE AND DORR LLP<br>Leon B. Greenfield (*pro hac vice*)<br>leon.greenfield@wilmerhale.com<br>Amanda L. Major (*pro hac vice*)<br>amanda.major@wilmerhale.com<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Fax: (202) 663-6363 | WILMER CUTLER PICKERING  HALE AND DORR LLP<br>William F. Lee (*pro hac vice*)<br>william.lee@wilmerhale.com<br>Joseph J. Mueller (*pro hac vice*)<br>joseph.mueller@wilmerhale.com<br>Timothy D. Syrett (*pro hac vice*)<br>timothy.syrett@wilmerhale.com<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Fax: (617) 526-5000 |

*Attorneys for Plaintiffs*
*Intel Corporation and Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| INTEL CORPORATION and APPLE INC.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., and IXI IP, LLC<br><br>　　　　　　　　　　　Defendants. | Case No. 3:19-cv-07651-EMC<br><br>**INTEL CORPORATION AND APPLE INC.'S OPPOSITION TO DEFENDANTS INVT SPE LLC AND INVENTERGY GLOBAL, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT** |

## I. Introduction

Plaintiffs' Second Amended Complaint ("SAC") alleges in great detail Defendant INVT SPE LLC's ("INVT") and Defendant Inventergy Global, Inc.'s ("Inventergy") roles in the Defendants' anticompetitive patent aggregation scheme. The SAC alleges that the challenged acquisitions have combined substitute patents in nine different patent markets. The SAC further alleges that two of those markets – the Network Based Voice Messaging Patents Market and the Third-Party Device Authorization Through Limitation of Information Exchanged Patents Market – contain former Inventergy patents now owned by INVT. Neither of these markets is comprised of standards-essential patents ("SEPs"). Inventergy and INVT nonetheless seek to extend the Court's prior rulings on Plaintiffs' SEP-based claims to *all* of Plaintiffs' claims against Inventergy and INVT. There is simply no basis for doing so.

Because the SAC includes detailed allegations regarding INVT and Inventergy's involvement in anticompetitive patent aggregation for markets encompassing non-SEPs, the Court should deny INVT and Inventergy's motion.

## II. Background

As explained in the SAC, Inventergy is a patent acquisition entity. It acquired over 180 patents from Huawei Technologies and nearly 500 patents from Panasonic Corporation in 2013 and 90 patents from Nokia Corporation in 2014. SAC ¶¶ 80-82.

The SAC also alleges extensive detail about Inventergy's relationship with Fortress. In 2014, Fortress affiliates DBD Credit Funding LLC and CF DB EZ LLC entered into a Revenue Sharing and Note Purchase Agreement with Inventergy whereby Fortress provided $11 million in financing to Inventergy. *Id.* ¶ 83. Under that agreement, Inventergy agreed to apply revenues from patent monetization to repay the investment and to provide Fortress an additional portion of Inventergy's licensing revenues. *Id.* ¶ 84. On September 29, 2016, Inventergy announced that Fortress and Inventergy had signed a letter of intent "under which Fortress will provide financial and other resources to monetize the roughly 760 telecommunication patent assets Inventergy previously acquired from Panasonic, Nokia and Huawei. In short, Fortress has switched from being simply a finance partner of Inventergy to a comprehensive business partner." *Id.* ¶ 87. Through a 2016

1 | Restructuring Agreement, Fortress took total control of Inventergy's patent monetization. *Id.* at ¶
2 | 88.
3 |      Inventergy and a Fortress affiliate, CF INVT Holdings LLC, formed INVT on April 27,
4 | 2017. SAC ¶ 90. At least portions of Inventergy's patent portfolio were assigned to INVT that same
5 | day. *Id.* In particular, Inventergy assigned patents in the Third-Party Device Authorization Through
6 | Limitation of Information Exchanged Patents Market (the '620 and '242 patents) and the Network
7 | Based Voice Messaging Patents Market (the '579 patent) to INVT. *Id.* ¶¶ 160-161, 306-309.
8 | █████████████████ – before INVT was formed – ████████████████████
9 | █████████████████████████████████████. SAC ¶ 128. INVT sued Apple and HTC in
10 | May 2017 in district court, asserting 8 patents it claims are essential to cellular standards. SAC ¶
11 | 120. ███████ – after INVT was formed and the patents were assigned to it – ████████
12 | ████████████████████████████████████████████████████████████
13 | ████████████████████████████████████████████████████████████
14 | █████████. After sending the ██████, INVT sued Apple, HTC, and ZTE, asserting
15 | before the International Trade Commission ("ITC") five of the patents from the prior district court
16 | action. None of the patents identified in the SAC – i.e., ██████████████████████
17 | █████████████████████████████████████████████.
18 |      INVT/Inventergy joined Defendants' motion to dismiss but separately move to dismiss based
19 | on the ████████████. They claim those letters preclude a claim that the challenged patent
20 | aggregations harmed competition and enabled Inventergy/INVT to pursue supracompetitive royalties
21 | ████████████████████████████████████████████████████████████
22 | █████████████. *See* INVT Motion at 2-4.
23 | **III.   Standard**
24 |      Plaintiffs have set forth the standard for a motion to dismiss in their contemporaneously filed
25 | opposition to Defendants' motion to dismiss.
26 | **IV.   Argument**
27 |      Plaintiffs have abided by the Court's ruling and dropped their SEP-related claims. Plaintiffs
28 | have also addressed the deficiencies the Court identified in the Amended Complaint. *See* Pls.' Mem.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  in Opp'n to Defs.' Joint Mot. to Dismiss and to Strike Pls.' 2d Am. Compl.  Inventergy and INVT
2  nonetheless ask the Court to review the ▓▓▓▓▓▓▓▓▓ and dismiss the entire SAC for failure
3  to state a claim as to Inventergy and INVT.

4        Inventergy and INVT's arguments are meritless for three reasons.

5        *First*, Inventergy and INVT's arguments are entirely premised on the ▓▓▓▓
6  but neither supports their arguments.  The letters do not contravene Plaintiffs' allegations that
7  Inventergy and INVT have unlawfully aggregated patents.  Inventergy and INVT claim that the
8  letters show that their royalty demands after ▓▓ could not have been inflated as a result of
9  challenged patent acquisitions because the rates offered in those letters for patents related to the 3G
10 and LTE telecommunications standards were based on a pro rata SEP royalty calculation ▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓.  INVT Motion at 2.  That is irrelevant.  Both letters relate only
12 to claimed SEPs.  But the three former Inventergy and now INVT patents identified in the SAC – the
13 '579, '242 and '620 patents – *are not* claimed SEPs.  Accordingly, none of them is encompassed
14 ▓▓▓▓▓▓▓▓▓, and the offers in those letters have no bearing on pre- and post-acquisition
15 royalties demanded for those three *non-SEPs*.  Indeed, *none* of the SAC's patent markets is alleged
16 to contain *any* SEPs.

17       Inventergy and INVT misapprehend the significance of the ▓▓▓▓▓▓▓▓.  Because
18 neither letter encompasses non-SEPs, neither is relevant to assessing whether Defendants have been
19 able to demand inflated royalties for the '579, '242, or '620 patents as result of competition
20 eliminated through the challenged acquisitions.[1]  Instead, the letters, along with INVT's 2017 and
21 2018 lawsuits, show that Inventergy/INVT are willing to assert patents, and Plaintiffs are therefore
22 suffering continuing antitrust injury as a result of the illegal patent acquisition scheme.

---

[1] But even as to the substance of the letters, INVT and Inventergy are incorrect.  The 2014 letter describes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Dkt. 245-5 at 1.  For its ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *Id*. at 2.  But in 2018, INVT ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Dkt. 245-6 at 6, 9.

*Second*, Inventergy and INVT are trying to improperly expand the Court's ruling regarding Plaintiffs' SEP-based claims in the First Amended Complaint to immunize different conduct based on a different theory. Inventergy and INVT never explain what relevance the Court's rulings regarding SEP-based claims have to claims alleged in SAC. And there is none: **none** of the claims in the SAC have anything to do with claimed SEPs. *Finally*, as explained in more detail in Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Joint Motion to Dismiss and to Strike Plaintiffs' Second Amended Complaint, Plaintiffs' allegations regarding Inventergy's and INVT's participation in aggregating the '579, '242, and '620 patents in the relevant markets are sufficient. For example, Plaintiffs allege in detail how Inventergy's/INVT aggregated the '620 and '242 patents in the Third-Party Device Authorization Through Limitation of Information Exchanged Patents Market and the resulting harms to competition. *See, e.g.*, SAC ¶¶ 80-91, 160-161, 305-309, 341; *see also id.* ¶¶ 148, 159-163 (aggregation of '579 patent in the Network-based Voice Messaging Patents Market). Inventergy and INVT offer no argument regarding the '579, '242, and '620 patents, other than citing two paragraphs in the SAC (¶¶ 128, 130) that discuss the ■■■■■■■.

For all these reasons, there is no basis for the Court to dismiss *any* claims against Inventergy and INVT.

## V.   Conclusion

For the reasons set forth above, the Court should deny INVT and Inventergy's supplemental motion.

DATED: June 14, 2021                                    Respectfully submitted,

By: */s/ Mark D. Selwyn*

Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (*pro hac vice*)

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

william.lee@wilmerhale.com
Joseph J. Mueller (*pro hac vice*)
joseph.mueller@wilmerhale.com
Timothy Syrett (*pro hac vice*)
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Leon B. Greenfield (*pro hac vice*)
leon.greenfield@wilmerhale.com
Amanda L. Major (*pro hac vice*)
amanda.major@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Plaintiffs*
INTEL CORPORATION, APPLE INC.

**CERTIFICATE OF SERVICE**

On this 14th day of June 2021, I hereby certify that I caused the foregoing document entitled Intel Corporation and Apple Inc.'s Administrative Motion to File Second Amended Complaint Under Seal to be filed via the court's CM/ECF system, which shall send notice to the counsel of record for the parties.

DATED: June 14, 2021

Respectfully submitted,

By: /s/ Mark D. Selwyn

Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorney for Plaintiffs*
INTEL CORPORATION, APPLE INC.