1  IRELL & MANELLA LLP
   Morgan Chu (SBN 70446)
2  Benjamin W. Hattenbach (SBN 186455)
   Michael D. Harbour (SBN 298185)
3  Lucas S. Oxenford (SBN 328152)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
5  Facsimile:  (310) 203-7199
   Email: mchu@irell.com
6  Email: bhattenbach@irell.com
   Email: mharbour@irell.com
7  Email: loxenford@irell.com

8  A. Matthew Ashley (SBN 198235)
   Olivia L. Weber (SBN 319918)
9  840 Newport Center Drive, Suite 400
   Newport Beach, California 92660-6324
10 Telephone:  (949) 760-0991
   Facsimile:  (949) 760-5200
11 Email: mashley@irell.com
   Email: oweber@irell.com

12
   *Counsel for Defendants*
13 FORTRESS INVESTMENT GROUP LLC,
   FORTRESS CREDIT CO. LLC,
14 VLSI TECHNOLOGY LLC

15 Additional counsel listed on signature page

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG S.A.R.L., VLSI TECHNOLOGY LLC, INVT SPE LLC, INVENTERGY GLOBAL, INC., and IXI IP, LLC,<br><br>    Defendants. | Case No. 3:19-cv-07651-EMC<br><br>**DEFENDANTS' JOINT CONSOLIDATED RESPONSE TO BRIEFS OF *AMICUS CURIAE***<br><br>Hon. Edward M. Chen<br><br>Date:  September 16, 2021<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 5 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. THE ARGUMENTS MADE BY AMICI ARE IRRELEVANT AND FLAWED ............. 1
    A.     The App Association ............................................................................................. 1
    B.     Unified Patents ...................................................................................................... 4
III. CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ...........................................................................................................2

*Conley v. Gibson*,
　355 U.S. 41 (1957) ..........................................................................................................2, 3

*Kendall v. Visa U.S.A., Inc.*,
　518 F.3d 1042 (9th Cir. 2008) ...........................................................................................2

*Smith v. United States*,
　343 F.2d 539 (5th Cir. 1965) .............................................................................................4

*Somers v. Apple, Inc.*,
　729 F.3d 953 (9th Cir. 2013) .............................................................................................2

*Students for Fair Admissions v. President & Fellows of Harvard Coll.*,
　No. 14-CV-14176-ADB, 2018 WL 9963511 (D. Mass. Oct. 3, 2018) ..............................4

*Ward v. Wells Fargo Home Mortg.*,
　No. 14-CV-00887-JCS, 2014 WL 1922082 (N.D. Cal. May 6, 2014) ..............................2

**Rules**

Fed. R. Civ. P. 8(a)(2) ..........................................................................................................2, 3

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1, 2

**Other Authorities**

ACT | The App Association, *Sponsors*, *available at* https://actonline.org/sponsors/ ........1

# I. INTRODUCTION

In accordance with the Court's order, Dkt. 266, Defendants submit this consolidated response to the amicus briefs filed by the following parties: (1) ACT | The App Association (the "App Association"), Dkt. 257 ("App Brief"); and (2) Unified Patents, LLC, Dkt. 265 ("Unified Brief").

Amici provide no basis for denying Defendants' Joint Motion to Dismiss and Strike Plaintiffs' Second Amended Complaint, Dkt. 244 ("Motion"). Just as in the two prior amicus briefs that the App Association and Unified Patents have filed, significant portions of their briefs consist of policy arguments about the supposed infirmities of the patent system and generalized attacks that have nothing to do with whether the Second Amended Complaint ("SAC") states a claim under Rule 12(b)(6). And when the amici do address the proper pleading of an antitrust claim, their arguments are either irrelevant, incorrect, and/or merely repetitive of the arguments in Intel's opposition.[1] In sum, just as Defendants have demonstrated twice before, nothing in the amicus briefs rescues the SAC's failure to plead a single cognizable antitrust claim.

# II. THE ARGUMENTS MADE BY AMICI ARE IRRELEVANT AND FLAWED

## A. The App Association[2]

The vast majority of the App Association's brief is, verbatim, recycled from its previous briefs. *Compare* Dkt. 257 *with* Dkts. 205-1, 131. As before, it does not address any of the issues raised in Defendants' Motion, nor does it meaningfully discuss the necessary elements of an antitrust claim.

Instead, the bulk of the App Association's brief is just an indictment of the United States patent system. According to the App Association, so-called "abusers of the patent system" are able to prey on "small companies," who "often do not have the resources or time to engage in lengthy and expensive litigation [,] . . . banking on a quick settlement with little or no protest."

---

[1] *See, e.g.* Unified Brief at 7:17-8:1, 9:14-19. Defendants do not address amici's arguments that merely parrot arguments raised by Intel in its opposition brief, as those arguments are addressed in Defendants' concurrently-filed reply brief.

[2] Intel is a sponsor of the App Association. *See* ACT | The App Association, *Sponsors*, *available at* https://actonline.org/sponsors/.

App Brief at 4:8-13; *see* Dkt. 205-1 at 4:9-16 (same). But even assuming that this policy-based concern has any merit, it has nothing to do with the numerous pleading deficiencies Defendants demonstrate in their Motion (*e.g.*, Intel's failure to plead a viable market, direct evidence of anticompetitive harm, antitrust standing, a cognizable antitrust injury, or a Sherman Act or Clayton Act violation). *See Ward v. Wells Fargo Home Mortg.*, No. 14-CV-00887-JCS, 2014 WL 1922082, at *9 (N.D. Cal. May 6, 2014) ("[P]olicy arguments are inapposite to the Court's task at hand, which is to determine whether the claims made in the Complaint are legally sufficient to survive the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

Moreover, the App Association's policy concerns are inapplicable to this case, which is not about "small companies." Intel (and its prior co-plaintiff, Apple) are two of the largest and most powerful corporations in the world. Intel does not allege in the SAC that Defendants have ever brought abusive infringement claims against any small companies. The App Association's brief does not argue otherwise. Nor is this case about trying to extract a "quick settlement" (App Brief at 4:10), which would be an implausible strategy against Intel anyway given its extensive resources. According to the SAC, the underlying patent suits involve protracted litigation implicating billions of dollars. *See, e.g.*, SAC ¶¶ 11, 125, 271. Notably, the App Association does not name a single "small company" out of its 5,000 members that has supposedly been "abused" by any of the Defendants. Thus, whatever the merits of the App Association's arguments about supposed abusive patent assertions against small companies, they are simply irrelevant here.

To the extent that the App Association does address antitrust pleading requirements, its arguments are meritless. The App Association claims that the SAC exceeds the standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957). App Brief at 7:10-8:4. As explained in Defendants' concurrently-filed reply, however, this is the wrong standard. The Ninth Circuit has expressly observed that for pleading an antitrust claim, *Twombly* abrogated the standard articulated in *Conley*. *See Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) ("We have held that for pleading an antitrust claim, the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), 'specifically abrogated the usual notice pleading rule' under Rule 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41 (1957)."); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042,

1047 n.5 (9th Cir. 2008) ("At least for the purposes of adequate pleading in antitrust cases, the Court specifically abrogated the usual 'notice pleading' rule, found in Federal Rule of Civil Procedure 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957).").

Regardless, the App Association fails to explain how the SAC successfully states an antitrust claim under any standard. Indeed, its brief only highlights the critical allegations that the SAC is lacking. For example, contrary to the App Association's assertion, Intel does not allege that it "ha[s] no alternatives" to Defendants' patents. *Compare* App Brief at 7:24-26 (asserting that the SAC "comprehensively describes" "inflated royalties from licensees who have no alternatives.") *with* Motion at 16:2-17:4 (demonstrating that the SAC does not allege how many other substitute patents are available in the purported markets). On the contrary, the SAC acknowledges the availability of other substitutes within each market, *see* Motion at 24 n.19 (citing SAC ¶ 149), and Intel has repeatedly failed to allege that it has no viable alternatives despite this Court's instructions that such allegations are necessary, *id*. at 29:7-21 (citing 1st Order, Dkt. 190, at 16:7-11). Moreover, as Defendants noted in their Motion, and the App Associations does not dispute, there are hundreds if not thousands of <u>other</u> patents in each of the alleged "markets." *Id*. at 24:3-4.

Similarly, the App Association argues that the SAC "provides an ample amount of specificity detailing how defendants . . . have engaged in a campaign of anticompetitive patent aggregation by Fortress and a complex network of PAEs that Fortress controls." App Brief at 7:19-21. But the SAC does not allege any evidentiary facts to support this theory (let alone an "ample amount"). For example, the SAC contains no evidentiary facts demonstrating that the so-called PAE[3] Defendants had any intent to aggregate patents when they entered into their alleged agreements with Fortress, nor does it identify any instance in which any PAE Defendant has attempted to leverage the substitute patents allegedly held by one of the other PAE Defendants. It is thus unclear how Defendants have purportedly engaged in an alleged "campaign" against Intel.

---

[3] In order to be consistent with the vernacular in the SAC and for purposes of this response only, Defendants use the term "PAE" in the same way that the SAC employs it.

### B. Unified Patents

Unified Patents' brief raises equally irrelevant and/or meritless arguments. A large portion of the brief consists of an "update" regarding the supposed "status of mass patent aggregation." Unified Brief at 2:25-6:23. Unified Patents first identifies other alleged investments that Fortress has supposedly made. Unified Brief at 3:5-12. But this is irrelevant. The SAC does not allege that any of these investments were anticompetitive, and an amicus is not entitled to allege new facts. *See, e.g., Students for Fair Admissions v. President & Fellows of Harvard Coll.*, No. 14-CV-14176-ADB, 2018 WL 9963511, at *1 (D. Mass. Oct. 3, 2018) ("[A]n amicus who argues facts should rarely be welcomed.") (internal quotation marks omitted); *Smith v. United States*, 343 F.2d 539, 541 (5th Cir. 1965) (A court cannot "consider the new factual material included in the brief of the amicus."). Regardless, Unified Patents does not even claim that these investments involved substitute patents—so it is unclear how these acquisitions have any relevance to Intel's antitrust claims in this case—and it does not claim that any of these newly-acquired patents have been asserted against Intel. Unified Patents also claims that "other mass aggregators are likewise surging in size." Unified Brief at 4:13-6:23. But the supposed conduct of third parties has nothing to do with whether Intel has adequately pleaded an antitrust claim against the Defendants in this case.

Unified Patents next attacks Defendants' Request for Judicial Notice (Dkt. No. 244-1), which Intel has not even opposed. Unified Br. at 7:18-9:3. Specifically, Unified Patents claims that Defendants are improperly asking the "Court to notice particular facts about those patents or the technology involved." Unified Brief. at 7:19-21. This is incorrect. As explained in the concurrently filed reply, Defendants are not asking the Court to make any factual findings regarding the patents. Rather, it is Intel's burden to allege facts demonstrating that these patents are economically interchangeable. It has not done so, as demonstrated by the text of the patents themselves, which Unified Patents does not dispute are both judicially noticeable and incorporated by reference. For example, five out of the seven patents in the alleged "Generating Alerts Based on Blood Oxygen Level" market do not even discuss "oxygen" at all, thus making it difficult to understand how the patents in this "market" could all be economically interchangeable as required

by law.  Motion at 10:6-11; RJN at 2:11-14.  Unified Patents accuses Defendants of just focusing on "a single word"—"oxygen."  Unified Br. at 8:17-21.  But that single word is critical to how Intel has chosen to define the market.  Unified Patents also argues that determining whether patents are "substitutes" would require detailed "claim construction" analysis.  Unified Br. at 7:26-9:3.  If that is true, however, then Intel clearly has not met its burden of pleading facts sufficient to show that the patents in each market are substitutes since the SAC does not contain any such claim construction analysis.

Finally, Unified Patents "invites the Court to compare the standard faced by Defendants when asserting infringement as patent holders to the standard they ask the Court to impose on Plaintiffs."  Unified Brief at 9:26-27.  But Intel must satisfy the pleading requirements for its <u>antitrust</u> claims as articulated by the Supreme Court and Ninth Circuit.  Intel has failed to do so for a third time.  The pleading requirements to adequately allege infringement are simply irrelevant.

### III. CONCLUSION

The arguments and assertions raised by amici are irrelevant, incorrect, repetitive, and/or inconsistent with Ninth Circuit authority and this Court's Orders.  For all of the reasons stated in Defendants' Motion and Reply, the SAC should be dismissed.  Nothing in the amicus briefs demonstrates otherwise.

Dated:  July 8, 2021

Respectfully submitted,

IRELL & MANELLA LLP

By: */s/ A. Matthew Ashley*
A. Matthew Ashley
*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC,
VLSI TECHNOLOGY LLC

*/s/ Christopher A. Seidl*
Christopher A. Seidl (*pro hac vice*)
CSeidl@RobinsKaplan.com
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402

| | |
|---|---|
| 1 | Telephone:  612 349 8468 |
| | Facsimile:  612 339-4181 |
| 2 | *Counsel for Defendants* |
| | INVT SPE LLC |
| 3 | INVENTERGY GLOBAL, INC. |
| 4 | |
| 5 | */s/ Jason D. Cassady* |
| | Jason D. Cassady (*pro hac vice*) |
| | jcassady@caldwellcc.com |
| 6 | CALDWELL CASSADY & CURRY |
| | 2121 N. Pearl Street, Suite 1200 |
| 7 | Dallas, TX 75201 |
| | Telephone: 214 888-4841 |
| 8 | Facsimile:  214-888-4849 |
| | *Counsel for Defendant* |
| 9 | IXI IP, LLC |
| 10 | |
| 11 | */s/ James J. Foster* |
| | James J. Foster |
| | jfoster@princelobel.com |
| 12 | PRINCE LOBEL TYE LLP |
| | One International Place, Suite 3700 |
| 13 | Boston, MA 02110 |
| | Telephone:  617 456-8022 |
| 14 | Facsimile:  617 456-8100 |
| | *Counsel for Defendant* |
| 15 | UNILOC 2017 LLC |
| 16 | |
| 17 | */s/ Daniel. R. Shulman* |
| | Daniel R. Shulman (*pro hac vice*) |
| | dan@shulmanbuske.com |
| 18 | SHULMAN & BUSKE PLLC |
| | 126 North Third Street, Suite 402 |
| 19 | Minneapolis, MN 55401 |
| | Telephone: 612 870 7410 |
| 20 | *Counsel for Defendants* |
| | UNILOC LUXEMBOURG S.A.R.L. |
| 21 | UNILOC USA, INC |
| 22 | |
| 23 | */s/ Dean C. Eyler* |
| | Dean C. Eyler (*pro hac vice*) |
| | dean.eyler@lathropgpm.com |
| 24 | LATHROP GPM LLP |
| | 500 IDS Center |
| 25 | 80 South 8th Street |
| | Minneapolis, MN 55402 |
| 26 | Telephone: 612 632-3335 |
| | Facsimile: 612 632-4000 |
| 27 | *Counsel for Defendants* |
| | UNILOC LUXEMBOURG S.A.R.L. |
| 28 | UNILOC USA, INC |

**<u>ECF ATTESTATION</u>**

I, Lucas S. Oxenford, am the ECF user whose ID and password are being used to file DEFENDANTS' JOINT CONSOLIDATED RESPONSE TO BRIEFS OF AMICUS CURIAE. I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

By: */s/ Lucas S. Oxenford*
     Lucas S. Oxenford